EASTERN DIST.
January, 1836.

MORTIMER
vs.
TRAPPAN'S
ESTATE.

9L 108
45 302

## MORTIMER vs. TRAPPAN'S ESTATE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Compensation or payment must be pleaded, to authorise the defendant to offer evidence showing the plaintiff had received various sums of money, to a greater amount than he claims in his demand.

Under the plea of the general issue, evidence of payment will not be received.

The plea of payment is a peremptory exception, going to extinguish the action, and which the Code of Practice requires to be pleaded.

This is an action on an account, stated by the plaintiff, against the estate of the late J. J. Trappan, in which he

NOTE.—In the case of *Fram* vs. *Allen*, 3 *Martin*, 381, the plaintiff claimed a balance of account. Defendant pleaded the general issue, and offered evidence to show that the plaintiff omitted in the account, sundry credits in favor of the former, which evidence the court *a qua* rejected. *Held*, that it was admissible, because, instead of demanding the price of the goods furnished, the plaintiff opposes the defendant's claim to his, to compare and establish a balance between the two; in such a case both accounts are put at issue, and any evidence tending to support or contradict the correctness of either, ought to be admitted.

claims a balance of five hundred and two dollars, as due to him, after allowing credit for cash paid him at various times. He alleges the executor refused to allow his account, where- fore, he prays judgment, &c.

The executor pleaded the general issue. The plaintiff made proof of his demand.

In the course of the trial, the defendant offered written evidence to show that the plaintiff had received at various times, sums of money to a greater amount than he has given credit for in his account annexed to his petition. The court refused the evidence, on the ground that it was inconsistent with the plea of the general issue ; that payment or compensation are pleas inconsistent with the plea of the general issue, and that as the defendant did not avail himself of the right of withdrawing the plea of the general issue and to plead specially, either compensation or payment, the proof of either was inadmissible. A bill of exceptions was taken by the defendant's counsel to the opinion of the court.

The court, after hearing the evidence and scrutinizing the account, rendered judgment in favor of the plaintiff for three hundred and ninety-five dollars and fifty cents. The defendant appealed.

*L. Janin,* for the plaintiff.

1. An examination of the bill of exceptions will show that this claim is unfounded. It states that the defendant wanted to prove that the plaintiff had received more than he had allowed in his account. The court refused to admit the testimony, "because the defendant had pleaded the general issue, and ought to have pleaded compensation and payment, and *refused to plead them now,* and withdraw the general denial."

2. The defendant, therefore, attempted to prove payment or compensation. These are peremptory exceptions, which the Code of Practice requires to be pleaded specially. *Code of Practice,* 345–6. 6 *Louisiana Reports,* 457.

3. The case of *Fram* vs. *Allen,* 3 *Martin's Reports,* 381, cited by the appellant, was decided before the Code of

EASTERN DIST.
January, 1836.

MORTIMER
vs.
TRAPPAN'S
ESTATE.

Practice, when the privilege granted by article 346 of that code, of pleading peremptory exception at any stage of the action, did not exist. Under this code there exists, therefore, no longer any reason for permitting the defendant to prove payment, without pleading it expressly. He might plead it at the trial, and if he refuses to do so, it is difficult to find any reason for it, except a wish to surprise his adversary. It appears from the bill of exceptions, that it was suggested to the defendant to plead payment or compensation at the moment of the trial, that this plea would have been admitted, and that he refused to make it.

4. The plaintiff had certainly a right to be made acquainted with the payments it was intended to prove, in order to procure evidence, either that they had not at all, or that they had been made to him on a different account, and to demand time, if necessary, to obtain this evidence. The latter privilege would be granted by the Supreme Court, article 902, and could not be justly refused by the inferior court.

*Buchanan,* for the defendant, contended, the judge *a quo,* erred in rejecting his evidence, as shown by the bill of exceptions, in deciding that it could only be received under a special plea of payment or compensation. This court has decided differently. See case of *Fram* vs. *Allen,* 3 *Martin,* 381.

2. In that case, as in this, the plaintiff submitted to the consideration of the court, not his claim against the defendant alone, but the credits or offsets to which the defendant was entitled. In the very words of the court, he established a balance, and it was competent to the defendant under the general issue, to show that such balance was erroneous.

3. The decision in the case of *Gleises* vs. *Faurie,* is opposed to me, but an inspection of that case will show its difference from the present one. There a demand was made for rent, without any credits given. The answer was the general issue, and a small offset. On the trial, plaintiff attempted to show that the sum claimed had been paid, an attempt manifestly at variance with the pleadings. But here, a clerk sues for wages, and credits with so much received at sundry

times : the defendant denies the correctness of the account, and on trial, attempts to show that the credit given is too small ; that plaintiff has received more cash than is allowed in his account. This testimony was properly admissible, because the general denial, was a denial of the credit as well as the debit side of the account.

4. The authority of the case of *Fram* vs. *Allen*, is impugned on the ground of its having been made before the Code of Practice. This work has, however, made no change in the point of pleading in question. The court say, in that opinion, that payment or compensation must be pleaded specially, but go on to inquire, whether this is a case where compensation need be pleaded at all, and decide in the negative.

5. The liberty was offered me, says my adversary, to plead compensation on the trial. This was not a *favor*, but a right. *Code of Practice*, 367. But I could not consent to avail myself of it, for compensation would have admitted the principal demand. Plaintiff claims wages at the rate of sixty dollars per month. The defendant's witness, Ralph Jacobs, proves positively that plaintiff was to have but forty dollars per month.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sues for the amount of a promissory note and a balance due him for wages, as clerk, by the defendant's testator, as shown by the note and account annexed to the petition. The defendant having answered by a general denial, offered in the progress of the trial to show by written evidence, that the plaintiff had received various sums of money to a greater amount than was admitted in his account. The evidence was rejected on the ground that payment or compensation ought to have been pleaded. A bill of exceptions was taken, from which it further appears that the defendant declined an offer to permit him to amend his answer, and add a plea of payment or compensation. We think the court did not err. In the case of *Gleises* vs. *Faurie et al.*, we held that payment must be pleaded. 6 *Louisiana Reports*, 455. The plaintiff who had admitted credits in his

*[Margin notes:]*

EASTERN DIST. *January*, 1836.

MORTIMER *vs.* TRAPPAN'S ESTATE.

Compensation or payment must be pleaded, to authorise the defendant to offer evidence showing the plaintiff had received various sums of money, to a greater amount than he claims in his demand.

Under the plea of the general issue, evidence of payment will not be received.

Eastern Dist.
January, 1836.

account to the amount of four hundred and twelve dollars and eighty cents, without specifying particular sums or times of such payments, might not have it in his power to show instanter that the payments offered to be shown were, in fact, already credited: parties are to be protected against surprise. The case of *Fram* vs. *Allen*, relied on by the appellant, was somewhat different from this, and decided before the promulgation of the Code of Practice. 3 *Martin*, 381.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.