## No. 892.

### LALANNE BROTHERS vs. KINCHEN W. McKINNEY.

Where, between certain laborers and their employer, it is agreed to give them in lieu of wages one half of the proceeds of the cotton crop and other produce, there was plainly no partnership in this.

The property sequestered and attached was released upon bond. Proceedings were taken against the surety. The district judge was of opinion that the surety was bound to the amount of the property released. In this there was error. The surety was bound for the amount of the judgment to the extent of his bond. Now, the judgment was for $687 30. Therefore the surety should have been condemned to pay, not the value of the property released, but the amount of the judgment. Plaintiffs entered a *remittitur* for the difference between the judgment and the amount really due. But this was done after the appeal was applied for and the bond given; it came too late. The result is that the judgment must be amended.

On the trial below certain exceptions were taken to the ruling of the judge, who allowed the plaintiffs to introduce in evidence the bond sued upon. The judge *a quo* correctly overruled these exceptions on the grounds that the bond being taken in a judicial proceeding, referred to in the body of the bond, is binding on the parties as they intended it; that, as the bond had been in the possession of the officers of the law since its execution, the presumption is, that it was signed by the parties with the erasures and interlineations previously made, and that a bond taken in a judicial proceeding is not required to be stamped.

APPEAL from the Eighth District Court, parish of St. Landry. *Henry L. Garland*, Acting Judge. *Joseph M. Moore & Morgan*, for plaintiffs and appellees. *Martel & Hudspeth*, for defendant and appellant.

MORGAN, J. Plaintiffs instituted suit against the defendants, proceeding first by sequestration and secondly by attachment. The property

sequestered and attached was released upon bond, upon which T. C. Anderson and Elbert Gantt were sureties. Judgment was rendered in favor of the plaintiffs. On appeal the judgment of the district court was affirmed. Execution issued, which was returned *nulla bona,* and proceedings were taken against the sureties. Gantt is alone before us, and from a judgment against him he has appealed.

In his reasons for judgment the district judge says:

"The sureties, in their defense, claim that they are not bound because the property replevined did not belong to their principal, but to certain freedmen who work upon the McKinney plantation.

"Admitting that they could successfully relieve themselves by making proof of these facts, this proof is wanting. The testimony of the laborers shows that the contract between them and McKinney was that they were hirelings, to be paid by the half of the proceeds of the cotton and by receiving the half of the other produce. This contract was exactly like the one between the Cowans and their laborers, reported in 22 An. p. 438, where it was said: 'The plantation in question was owned by the defendants in 1867 and cultivated by them in cotton. The defendants employed certain laborers, and agreed to give them, in lieu of wages, one third of the gross products of the cotton. There was plainly no partnership in this. The plantation was the Cowans', the cotton as it grew was theirs; the supplies were furnished to them for the crop; and every fibre of the cotton as it matured was affected by the privilege.'"

The district judge was of the opinion that the surety was bound to the amount of the property released, which was $727 90.

In this there was error. The surety was bound for the amount of the judgment to the extent of his bond. Now, the judgment was for $687 30. Therefore the surety should have been condemned to pay, not the value of the property released, but the amount of the judgment.

Plaintiff entered a *remittitur* on the twelfth of March, 1875, for the difference between the judgment and the amount really due. But this was done after the appeal was applied for and the bond given. It came too late. 25 An. p. 507. The result is that the judgment must be amended by us.

No objection was taken to the form of this proceeding, but on the trial the defendants excepted to the ruling of the judge, which allowed the plaintiffs to introduce in evidence the bond sued on. The objection rested on the grounds:

First—Because the bond was defective in form, being really a forthcoming or release bond in sequestration, while plaintiffs in their petition declared it to be a forthcoming or release bond in attachment.

Second—Because of the mutilated condition of the bond and the many erasures and interlineations therein.

Third—Because the bond is not stamped with the United States internal revenue stamps as required by the laws of the United States.

The judge overruled the objections for the reasons: "That the bond being taken in a judicial proceeding, referred to in the body of the bond, is binding on the parties as they intended it; that as the bond had been in the possession of the officers of the law since its execution, the presumption is that it was signed by the parties with the erasures and interlineations previously made, and that a bond taken in a judicial proceeding is not required to be stamped." These reasons justify his rulings.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by reducing the same from $727 90 to $687 30, with interest as therein stated on the latter amount, and that as thus amended it be affirmed, defendant to pay the costs in the district court, those of the appeal to be paid by the plaintiffs.