Wood, Appellant, vs. Noack, Respondent.

*February 24 — March 21, 1893.*

*Cropping on shares: Right to undivided share after expiration of time:
Action between tenants in common.*

1. Under a contract by which plaintiff cultivated defendant's farm for one year for one half of the crops including the straw, which were to be divided by defendant when they were ready for market, plaintiff did not lose his right to one half of the straw because it remained on the farm undivided until after the year expired and he had left the farm.
2. If the parties were tenants in common of the straw, the plaintiff might, nevertheless, under sec. 4257, R. S., maintain an action for his share or its value, after making a demand in writing, without waiting until the straw was destroyed or otherwise disposed of by defendant.

APPEAL from the Circuit Court for *Shawano* County.

Action for the wrongful conversion of about six tons of straw, alleged to have been the property of the plaintiff and to have been of the value of $75. The facts are stated in the opinion. The plaintiff appeals from a judgment of nonsuit.

For the appellant there was a brief by *Thorn & Guernsey,* and oral argument by *Gerrit T. Thorn.* They argued, among other things, that if one cotenant in actual possession refuses to surrender the half to his cotenant on demand, and denies his right to his share, this is a conversion, and trover may be maintained. *Stall v. Wilbur,* 77 N. Y. 158; *Burns v. Winchell,* 44 Hun, 261; *Clark v. Griffith,* 24 N. Y. 595; *Fiquet v. Allison,* 12 Mich. 331; *Ripley v. Davis,* 15 id. 75; *Grove v. Wise,* 39 id. 161; *Strickland v. Parker,* 54 Me. 263; *Winner v. Penniman,* 35 Md. 163; *Agnew v. Johnson,* 17 Pa. St. 373; *Collins v. Ayers,* 57 Ind. 239.

For the respondent there was a brief by *Benj. M. Goldberg,* attorney, and *George Hoxie,* of counsel, and oral argu-

ment by *Mr. Goldberg*. They contended, *inter alia*, that trover for conversion of the share of one party in the crops by the other can be maintained only where there is such destruction, sale, or other disposition of the crops by the one, that the other party is precluded. by that act from any further enjoyment of it. *Warner v. Abbey*, 112 Mass. 355, 360; *Needham v. Hill*, 127 id. 133; *Weld v. Oliver*, 21 Pick. 559; *Daniels v. Daniels*, 7 Mass. 135; *Daniels v. Brown*, 34 N. H. 454; *Kennon v. Wright*, 70 Ala. 434.

ORTON, J. The written instrument upon which the rights of the parties in this suit depend provides that the defendant is the owner of the premises, which consist of an improved and cultivated farm, with the necessary buildings and outhouses, and with barns, bins, and cribs for the storage of the crops. The plaintiff agrees to work said premises *for the defendant* for the term of one year from October 21, 1890; to well and deeply plow all the land that has ever been plowed on the same, except that seeded down to tame grass; to sow, till, and properly cultivate, harvest, thresh, and fully prepare for market, in due season, the crops hereinafter stated, to wit, oats, wheat, and peas, and the remainder of the plowed land to wheat. The defendant is to furnish all of the seed, and the plaintiff to do all of the work in a husbandlike manner, and in proper season to prepare the product for market, including husking corn and putting the same in cribs, and digging the potatoes and storing or burying the same. The plaintiff is to give the defendant notice when the crops are in readiness to be divided. The defendant is to have the use of all buildings, orchard, and garden, and reserves storage on the premises for products there raised. The defendant hereby agrees to pay to the plaintiff one half of all the crops so raised, including one half of the *straw;* and when the crops are ready for market such division shall be made by the

defendant. If the plaintiff neglects to do the work in a husbandlike manner the defendant may get others to do it. *The premises shall remain in the possession of the defendant, with the buildings and garden.*

All the crops raised on the farm were equally divided by the defendant, and the plaintiff received his share at the end of the year; but a large quantity of straw in stack was not divided, but left on the premises when the plaintiff left the farm. Afterwards, on the 2d day of December, 1891, the plaintiff went to the farm with his team to get his half of the straw, and asked the defendant to divide it and let him have his share, but the defendant refused so to do, and said it was past the time. About a week afterwards the plaintiff went again to the farm with his team and with a friend, and handed the defendant a letter written by the plaintiff's counsel for him, containing a written demand for his half of the straw. The defendant had the letter read to him by some one of his family, and returned to where the plaintiff was, and refused to divide the straw or to let the plaintiff have his half of the same. Hence this suit for the value of one half of the straw.

The plaintiff testified that there were from ten to twelve tons of the straw, and that it was worth in market $10 per ton. The friend, who was with the plaintiff at the time, testified also to the handing by the plaintiff to the defendant of the written demand, and his refusal to divide the straw. These are substantially the facts of this case. On the conclusion of the plaintiff's evidence the defendant's counsel moved "for a nonsuit, and judgment dismissing the action, with costs," which motion was granted, and the plaintiff has appealed from the judgment in favor of the defendant and for $62.92 costs.

It was error for the court to grant a nonsuit in this case on the evidence of the plaintiff, for that evidence clearly entitled the plaintiff to a verdict in his favor.

1. The defendant gave as a reason why he would not divide the straw and give the plaintiff his share at the time of the first demand, that it was too late, and this rea- son is asserted by the learned counsel of the respondent why the plaintiff could not recover in the action. The learned counsel calls the plaintiff's half of the straw an *emblement* that he could not claim after he had surrendered the possession of the premises. An "emblement" is a crop left *growing* on the premises by an outgoing tenant. The plaintiff's half of this straw was not only not an emble- ment in any sense of the word, but I know of no law by which the plaintiff lost his right to it by leaving the farm before it was divided by the defendant. The time fixed in the contract for the defendant to make a division of the crops was when they were ready for market. The defend- ant neglected to divide the straw at that time, or before the plaintiff was compelled to leave the farm. This neg- lect was his own fault, of which he can now take no ad- vantage.

2. The only other ground urged by the learned counsel in support of the nonsuit is that this action, being trover, will not lie against the defendant for merely dispossessing the plaintiff of his half of the straw by refusing to divide the straw and deliver to the plaintiff his share. They were tenants in common of the undivided straw, it is contended, and the plaintiff could not bring this action until the straw was destroyed or the defendant had converted it to his own use. Conceding that they were tenants in common, such may be the accepted doctrine in such a case, but the statute (sec. 4257, R. S.) has amended that common-law rule, if it was such, by providing that "when personal property is *divisible,* and owned by tenants in common, and one tenant in common shall claim and hold possession of more than his share or proportion thereof, his cotenant, after making a demand in writing, may sue for and re-

cover his share or the value thereof." The evidence shows that the plaintiff made such written demand, and thus brought the case within the statute. The learned counsel of the respondent says in his brief: " Appellant went after the straw the second time, about a week after December 2d. *He had a letter to demand the straw again.* Warnick went with him. He made a demand on respondent that time for the straw. Respondent refused to give it to him." This is an admission of the written demand and the defendant's refusal. This establishes the plaintiff's right to recover in the action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.