'KELLY, Appellant, vs. RUMMERFIELD, Respondent.

*April 17—May 8, 1903.*

*Raising crop on shares: Title: Division: Replevin.*

By agreement plaintiff furnished his land and the seed, and de-
fendant was to plant potatoes and care for and harvest them
and was to have one half the crop, provided he stayed there;
and if defendant did not stay, and no one else would buy,
plaintiff was to buy his share of the potatoes. After planting,
defendant moved away. The potatoes became damaged for
want of care, and finally plaintiff got another man to care for
them, and agreed to give him a share of the crop for doing
so. Defendant harvested the crop and, against plaintiff's ob-
jection, divided it, appropriating one half for himself. *Held*,
that defendant was not a tenant in common of the crop with
plaintiff, but was a mere cropper, and plaintiff was entitled to
recover in replevin the part of the crop so appropriated.

APPEAL from a judgment of the circuit court for Oneida
county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

This is an action of replevin, commenced in the municipal
court, to recover one half of a crop of potatoes raised by the
defendant on the land of the plaintiff. Issue being joined
and trial had, the plaintiff recovered judgment in that court,
and the defendant appealed therefrom to the circuit court.

A jury being waived and trial had in that court, the court
found as matters of fact, in effect, that in the spring of 1901,
the plaintiff, being the owner of the forty acres of land de-
scribed, made an agreement with the defendant by the terms
of which the plaintiff was to furnish seed and the defendant
was to do all the necessary labor to plant, cultivate, and har-
vest a designated portion of said farm with potatoes, the crop
so grown to be divided equally between the plaintiff and the
defendant in the field when the same should be harvested;
that the defendant went on under the agreement and planted
the crop, and in due season harvested the same, and, after
notifying the plaintiff of his intention to do so, divided the
crop in the field as it was being harvested, leaving in pile in
the field one half of the crop for the plaintiff, and took from
the field the other half of the crop for himself; that the plaint-

iff was present a portion of the time while the crop was being harvested, and made no objection to the manner in which the crop was being divided, though he objected to any division being made of the crop by the defendant; that the plaintiff took and appropriated for himself the one-half of the crop left for him in the field by the defendant; that, after the defendant had removed his share of the crop from the field as aforesaid, the plaintiff commenced this action in the municipal court, and seized under the warrant of replevin issued herein fifty bushels of the potatoes which the defendant had taken from the field after such division; that the value of the potatoes so taken in replevin was $30, and the same were turned over by the officer to the plaintiff on the order of the municipal court, and the same have been appropriated to the use of the plaintiff.

And as conclusions of law the court found, in effect, that the plaintiff cannot maintain this action of replevin against the defendant, and that the same should be dismissed; that the defendant is the owner and entitled to the possession of the property seized in replevin, and entitled to judgment for the return of such property, or, in case return cannot be had, then judgment for $30, the value thereof, with interest from the date of the seizure, as damages, besides the costs of suit; and ordered judgment to be entered accordingly. From the judgment so entered the plaintiff appeals.

*A. W. Shelton,* for the appellant.

For the respondent the cause was submitted on the brief of *Sam. S. Miller.*

CASSODAY, C. J. It is sometimes difficult to determine whether a person who works the land of another on shares is a tenant in common of the crop with the owner of the land or a mere cropper. Much depends upon the wording of the contract between the parties. *Lanyon v. Woodward,* 55 Wis. 652, 13 N. W. 863; *Carrier v. Atwood,* 63 Wis. 301, 24 N. W. 82; *Wood v. Noack,* 84 Wis. 398, 54 N. W. 785; *Row-*

*lands v. Voechting,* 115 Wis. 352, 91 N. W. 990; *Warner v. Abbey,* 112 Mass. 355. In the case at bar there is practically no dispute as to the facts. The plaintiff furnished the land and the seed. The defendant was to plow the ground, plant and care for and harvest the potatoes, and have one half of what should be raised. After plowing the ground and planting the potatoes, the defendant moved away. Finally, his son-in-law came and went over the potatoes with a cultivator one way and partly over them the other way. But the potatoes became badly damaged for want of care, and finally the plaintiff got another man to care for the potatoes, and agreed to give him a share of the crop for doing so. The defendant testified to the effect that the plaintiff was to furnish the land and the seed, and that he was to cultivate the ground and have half of the crop, *provided* he stayed there; and if he did not stay, and no one else would buy, then the plaintiff would buy his share of the potatoes. The trial court manifestly held that the parties were tenants in common of the crop. If such was the relation of the parties, then the decision may be justified. Sec. 4257, Stats. 1898; *Foley v. Southwestern L. Co.* 94 Wis. 329, 68 N. W. 994; *Sullivan v. Sherry,* 111 Wis. 476, 87 N. W. 471; *Orcutt v. Moore,* 134 Mass. 48. If, on the other hand, the defendant was a mere cropper, then the decision was wrong. The general rule is that:

"The legal possession to the land, as well as the title to the entire crop, is in the owner of the soil. The possession of the cropper being merely that of a servant, and incident to his right and duty of entering the close for the purpose of planting, cultivating, and gathering the crop, it is not the legal possession of premises which usually gives the possessor the title to the produce. He has no property in his share of the crop until the division, which is made by the owner of the land." 8 Am. & Eng. Ency. of Law (2d ed.) 324, 325.

It is there said that:

"The term 'cropper' is applied to a person hired by the landowner to cultivate the land, receiving for his compensation a portion of the crop raised." Id.

So it was said in an early case in Pennsylvania that:

"If one hires a man to work his farm, and gives him a share of the produce, he is a cropper. He has no interest in the land, but receives his share as the price of his labor. The possession is still in the owner of the land, who alone can maintain trespass." *Fry v. Jones,* 2 Rawle, 12.

In a later case in the same state it was held that an "agreement to farm land on shares is a contract of service, and not of lease, and a person doing the farming is a mere cropper, and not a tenant, and has no interest in the land." *Adams v. McKesson's Ex'x,* 53 Pa. St. 81, 91 Am. Dec. 183. To the same effect, *Steel v. Frick,* 56 Pa. St. 172. Thus it was held in North Carolina that:

"Where a person agrees to work on the land of another for a share of the crop, the cropper cannot convey a legal title to his share of the crop to a third person before an actual division and appropriation." *McNeeley v. Hart,* 10 Ired. Law, 63.

To the same effect, *Brazier v. Ansley,* 11 Ired. Law, 12; *Harrison v. Ricks,* 71 N. C. 11. In this last case it is said:

"A cropper has no estate in the land. That remains in the landlord. Consequently, although he has, in some sense, the possession of the crop, it is only the possession of a servant, and is in law that of the landlord. The landlord must divide off to the cropper his share. In short, he is a laborer receiving pay in a share of the crop."

That is referred to approvingly in *Strain v. Gardner,* 61 Wis. 184, 21 N. W. 35. Perhaps it would have been more proper to have used the word "landowner" instead of "landlord." We must hold that defendant was a mere cropper, and that plaintiff remained all the time the legal owner of the whole crop, and hence was entitled to recover in replevin.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff in accordance with this opinion.