No. 3619

Second Circuit

JONES v. DOWLING

(December 31, 1929. Opinion and Decree.)
(January 31, 1930. Rehearing Refused.)

J. W. Elder, of Ruston, attorney for plaintiff, appellee.

Dhu Thompson, of Ruston, attorney for defendant, appellant.

WEBB, J. Defendant, owner of a plantation, and plaintiff entered into an agreement under which the latter was to plant, cultivate, and harvest a crop of cotton on defendant's plantation; defendant to furnish stock, farming implements, and fertilizer, and also to advance plaintiff with some supplies, and plaintiff agreed that, when he was not employed in working the crop to be planted, he would remain on the plantation in readiness to do such work on the plantation as defendant should call upon him to do, for which plaintiff would be paid at the rate of $1.50 per day. It was further agreed that, when the crop had been harvested and sold, an accounting would be had, by deducting from the proceeds of the crop the cost of fertilizer, and the balance divided, and the amount due defendant for supplies furnished, if in excess of the amount due plaintiff for other work done by him, deducted from the share of plaintiff.

The contract was made about the first of the year, and after plaintiff had prepared the land which he was to plant, he was employed by defendant in doing other work on the plantation, during which time defendant furnished him with money and supplies. Plaintiff planted the crop in April, but, after planting and when he was not employed in working the land allotted to him, he left the plantation and remained away for some time, with knowledge that defendant desired his services in assisting with other work necessary to be done on the plantation, and when plaintiff returned defendant informed him that he had violated the contract and that his services would not be needed.

Defendant then proceeded to have the land which had been planted by plaintiff in cotton, which was then ready to be worked, cultivated, harvested, and sold, and the present action was brought to recover judgment against defendant for one-half of the proceeds of the crop.

In answer to the suit, defendant pleaded that plaintiff had violated the contract and had forfeited any rights he had thereunder, and he further pleaded, in event he should be held liable to plaintiff, that there should be deducted from the proceeds of the crop the value of the fertilizer furnished, and from the share of plaintiff the expense incurred in cultivating and harvesting and one-half the expense of

ginning and marketing the crop and also the amount due defendant for supplies.

On trial, the court held defendant liable to account for one-half of the proceeds of the crop, less the expense of cultivating and harvesting the crop, and the amount due by plaintiff for supplies, and defendant was also held liable for work which plaintiff had done under the cropping agreement; the amount thus found due plaintiff being $119.18, for which judgment was rendered, with legal interest from judicial demand. Defendant appealed, and plaintiff has answered the appeal, praying that the amount of the judgment be increased.

The court held that plaintiff was a lessee, and appellant complains of the ruling, urging that plaintiff was a mere employee, and that plaintiff had violated the contract and was properly discharged and should not have been permitted to recover, while appellee complains that the court should not have allowed any deduction for expenses incurred by defendant in cultivating and harvesting the crop.

Contracts by which the owner permits another to cultivate his land in consideration of allowing him a share of the crops are of a personal nature, and, although the law recognizes that lands may be leased for a share of the crop (article 2671, C.C.) it is generally recognized that under such contracts the person cultivating the land may be merely an employee (Lalanne vs. McKinney, 28 La. Ann. 643; Bres & O'Brien vs. Cowan, 22 La. Ann. 438; Hunter vs. Walding, 3 La. App. 433; Holmes vs. Payne, 4 La. App. 345; Kelly vs. Rummerfield, 117 Wis. 620, 94 N.W. 649, 98 Am. St. Rep. 951, note 953), but, where it is not shown there was an agreement that the person cultivating the land is to receive a share of the crop or proceeds thereof in lieu of wages, or the circumstances are such as to show that such was the intention of the parties, such contracts will be considered as contracts of lease (Louisiana Farm Bureau vs. Clark, 160 La. 294, 107 So. 115; Louisiana Farm Bureau vs. Bannister, 161 La. 957, 109 So. 776).

There was not any express stipulation that the share of the crop to be received by plaintiff would be in lieu of wages, and there is no showing that defendant reserved the right to direct, supervise, or control plaintiff in planting, cultivating, or harvesting the crop, and the fact which is urged as indicating that the plaintiff was an employee, rather than a lessee, is the stipulation that he would, when not engaged in working the land assigned to him, remain on the place in readiness to render service in doing work on the plantation which defendant should call upon him to do.

But we do not think that the stipulation was legally binding, and whatever the moral obligation, the failure of plaintiff to comply with the stipulation did not give defendant the legal right to declare the planting agreement violated and take over the cultivation of the land which had been planted by plaintiff.

However, it does not appear that defendant acted in bad faith, and it is not shown that plaintiff made any protest, but on the other hand, it appears when defendant informed him that he violated the contract, plaintiff apparently acquiesced and he does not appear to have made any claim until the present suit was filed, and we are of the opinion that the court properly allowed a deduction for the expense incurred by defendant in cultivating and harvesting the crop, and the judgment is affirmed.