## No. 859

### First Circuit

---

## THE ITEM CO. v. HOLMES

---

(June 30, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)
(November 3, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

---

Benj. W. Miller, of Bogalusa, attorney for plaintiff, appellant.

Rich & Jones, of Bogalusa, attorneys for defendant, appellee.

MOUTON, J. Plaintiff company sold newspapers to defendant in 1928 and 1929.

In article IV of its petition, the following allegation is made:

"That between the 15th day of September, 1928, and the 31st day of May, 1929, your petitioner sold delivered to the said W. L. Holmes certain newspapers to the amount of three thousand one hundred thirty-eight and 39/100 dollars ($3,138.39), on which sum the said W. L. Holmes has paid to your petitioner the sum of two thousand nine hundred sixty-five and 17/100 dollars ($2,965.17), leaving a balance due and payable to your petitioner in the sum of one hundred seventy-three and 22/100 dollars ($173.22), as heretofore set forth."

It is for the recovery of this balance of $173.22 that this suit is brought.

After denying article III of plaintiff's petition in which it is alleged that defendant was indebted to plaintiff in the sum of $173.22, defendant in answering article IV of the petition, above reproduced, alleges the following in article IV of his answer:

"In answer to the allegations of article 4 of plaintiff's petition respondent admits that during the years 1928 and 1929 he purchased certain newspapers from petitioner but he denies the remaining allegations of this article. Further answering the allegations of article 4 respondent shows that he was entitled to the following credits:

"Forty-five & 91/100 dollars ($45.91), which represents an overcharge on items in excess of Item-Tribunes during the months of March, April and May, 1929, bill;

"Thirteen & 03/100 dollars ($13.03), which represents a ten per cent (10%) deduction on respondent's October 31st, 1929, bill;

"Eight dollars ($8.00), which represents a one per cent (1%) deduction on respondent's November 15th, 1929, bill;

"Thirty-seven & 50/100 dollars ($37.50), which represents the price of a suit of clothes which petitioner ordered for respondent as a bonus for which respondent had to pay;

"Thirty dollars ($30.00) for instructions of the agent who took over the sale and distribution of papers when respondent discontinued his services;

"Forty dollars ($40.00) which represents a deduction to which respondent is entitled for returned papers during the month of May, 1929;

"Two dollars ($2.00), which represents the price of two insurance policies which were ordered out for two customers but which were not taken out and accordingly returned to the company;

"Five & 16/100 dollars ($5.16), which represents the price of sample copies of the daily and Sunday Item for four weeks during May for which respondent was charged;

"Respondent further shows that the total amount of these items for which he is entitled to credit is one hundred and ninety-five and 23/100 dollars ($195.23), and he has therefore overpaid his account in the sum of twenty-two and 01/100 dollars ($22.01)."

In article V of his answer defendant makes a claim against plaintiff in the words following:

"Now, assuming the position of plaintiff in reconvention your respondent shows that the total amount of petitioner's claim is one hundred and seventy-three & 22/100 · dollars ($173.22), that respondent is entitled to credits on the said account amounting to the sum of one hundred and ninety-five & 23/100 dollars ($195.23) as outlined in article IV of the answer, and that your respondent has, therefore, overpaid his account in the sum of twenty-two & 01/100 dollars ($22.01), for which amount he asks judgment in his favor."

Plaintiff, in support of its claim, offered in evidence its itemized account, the answer of the defendant, particularly article IV, and rested its case.

In the offer thus made of the answer the words used "particularly article four" did not constitute a specific restriction to that article, and the answer must therefore be considered in its entirety.

In his brief counsel for plaintiff has cited a large number of authorities to sustain his contention that the plea of compensation or payment admits the debt sued upon. Obviously, if no debt or obligation exists there is nothing to be compensated or paid. In that contention counsel for plaintiff is unquestionably correct.

The question is as to whether or not defendant filed a plea in compensation, as is contended for by counsel for plaintiff.

In article IV of defendant's answer, he admits he purchased the newspapers from plaintiff in 1928 and 1929, as is alleged in article IV of plaintiff's petition, but he denies the remaining allegations of article IV of plaintiff's petition.

The claim so denied is the amount of $173.22 which plaintiff therein avers is the balance still due by defendant, after crediting defendant with $2,965.17 paid by him on the account.

In article V, on his reconventional demand, defendant alleges that he is entitled to credits on plaintiff's account amounting to $195.23, exceeding plaintiff's claim of $173.22 by $22.01, for which he is asking judgment in reconvention.

It is nowhere claimed by defendant in his answer that plaintiff is indebted to him in the sum of $173.22 and that the amount so claimed by plaintiff has been compensated, or that plaintiff is indebted to him in the sum of $195.23, which ex-

ceeds the amount claimed by plaintiff leaving a balance of $22.01 in his favor.

The defense impliedly admits that defendant's account was properly credited with $2,965.17, as alleged by plaintiff, but urges that defendant's account is not credited with the sum of $195.23 to which he is justly entitled, leaving a balance in his favor of $22.01.

After denying the claim of $173.22, asserted by plaintiff, defendant does not plead its extinguishment by compensation for a debt plaintiff owes him, but pleads that if his account had been properly credited with the items set out in his answer, that there would remain no balance against him for the $173.22 demanded by plaintiff, but that on the contrary a balance of $22.01 would be left in his favor if he were correctly credited with the total credits of $195.23 to which he avers he is justly entitled. His defense is that the balance of $173.22 does not exist as it was counterbalanced or exceeded by the alleged items of credit.

There is nothing inconsistent in this defense with defendant's specific denial of his indebtedness to plaintiff for the $173.22 claimed as a balance due it. This defense and the special denial constituted two denials of the existence of such a debt. The defense that plaintiff had failed to credit defendant with the items referred to was not a plea in compensation. The demand in reconvention for the excess of credits was certainly not a plea in compensation or of payment.

In the case of Fram v. Allen, 3 Mart. (O. S.) 381, plaintiff sued defendant on an account current, claiming a balance due as it is herein claimed.

On the trial the defendant offered to prove that the plaintiff omitted in the account sundry credits in his favor. This evidence was excluded because defendant had not specially pleaded compensation. The Supreme Court found that in such a case it was doubtful if compensation could be pleaded at all. In such a case, said the court, "both accounts are put at issue, and any evidence tending to support or contradict the correctness of either ought to be admitted."

Civil Code, art. 2209 says:

"Compensation takes place only between two debts, having equally for their object a sum of money * * *; and which are equally liquidated and demandable."

In this case there were no two debts "equally liquidated" and demandable. In such a situation as this, we believe, as was said in Fram v. Allen, 3 Mart. (O. S.) 381, "any evidence tending to support or contradict the correctness of either ought to be admitted."

In the case cited the case was remanded to permit defendant to prove the credits which he contended had been omitted in the account.

Herein the court admitted the evidence to show the credits asserted by defendant, and, we think, properly.

The next contention of plaintiff is that the averments of the answer were too vague to permit the introduction of evidence thereunder. Plaintiff objected to all the evidence offered by defendant to establish his claim to the various items of credit claimed in the answer. The objections were overruled.

The items of credits claimed, we find, are specifically set out, and with sufficient particularity to have apprised plaintiff of the various amounts claimed.

Article IV of the answer, above copied, shows that plaintiff was sufficiently put on his guard to meet the claim for these items with contradictory evidence if it had any to produce.

Defendant explained in his testimony how they were incurred, and established with legal certainty that he was entitled to these credits, with the exception of small items which were disallowed.

The court concluded that after a proper application of the credits there was nothing due by defendant, and nothing by plaintiff on the reconventional demand, and rejected both demands.

We find no error in that judgment.