## BUSBY v. CHILDRESS.

### No. 5821.

Court of Appeal of Louisiana. Second Circuit.

Dec. 9, 1938.

Rehearing Denied Jan. 10, 1939.

Vinson M. Mouser, of Columbia, for appellant.

Cameron C. Minard, of Columbia, for appellee.

HAMITER, Judge.

The sum of $502.32 is claimed by plaintiff in this suit. He alleges that he was in the employment of defendant during the months of November and December, 1936, and all of the year 1937, performing work and labor upon the latter's farm in Caldwell Parish, Louisiana; that a portion of said labor consisted of building and repairing fences, clearing land, and generally improving the farm, for which he was promised one dollar per day; that the balance of the work was furnished in planting, cultivating, raising and gathering of crops of corn and cotton for which he was to receive one-half of the proceeds of said crops; and that defendant also promised to pay one Henry White and one Dago White, for the work performed by them in assisting plaintiff, at the rate of one dollar per day. Plaintiff's claim is itemized in the petition as follows:

| | |
|---|---|
| 38½ days of labor by petitioner @ $1.00 per day | $ 38.50 |
| 38½ days of labor by Henry White @ $1.00 per day | 38.50 |
| 38½ days of labor by Dago White @ $1.00 per day | 38.50 |
| 1/2 of 11025 lbs. lint cotton @ 8½ cents per pound | 468.52 |
| 1/2 of 16800 lbs. cotton seed @ $20 per ton | 84.00 |
| 1/2 of 225 bushels corn @ 60 cents per bushel | 67.20 |
| Total | $735.22 |

and subject to the following credits:

| | |
|---|---|
| Groceries advanced not to exceed | $ 60.00 |
| Paid for picking cotton not to exceed | 100.00 |
| Paid for hoeing not to exceed | 13.00 |
| Paid for ginning not to exceed | 60.00 |
| Total | $233.00 |

and leaving a balance of ......... $502.22

As prayed for, a writ of provisional seizure issued and thereunder a quantity of defendant's cotton seed and corn was seized.

Defendant first moved the dissolution of the writ of provisional seizure, and asked damages for the asserted illegal issuance thereof. He alleges that the claims for day labor had been paid in full; and that plaintiff was a lessee in the making of the crops, and not an employee, and therefore had no privilege on which a writ of provisional seizure could be predicated. The taking of testimony on the motion to dissolve was necessary, and by agreement of counsel and pursuant to the court's order, such motion was referred to the merits of the case. A stipulation was entered that if a dissolution was decreed damages as attorney's fees should be awarded defendant and fixed at $25.00.

Answer was thereafter filed in which defendant denies any present indebtedness to plaintiff, and affirmatively alleges that the latter owes him the sum of $72.61. He avers that "plaintiff was a tenant on his

farm, leasing said land under what is commonly known as a half-hand, share cropper agreement, which said contract of lease required the plaintiff to furnish all labor required in making and gathering the crops on about 28 acres of land more or less, and defendant was to furnish all teams, tools and equipment necessary to produce said crops." He further avers,—

"Further answering plaintiff's petition your defendant shows that plaintiff raised nineteen bales of cotton and a remnant, and about two hundred barrels of corn, that defendant furnished the plaintiff with cash and groceries during the year in the amount of Four Hundred Four & 75/100 Dollars, which account includes cash expended for hoeing and gathering the crop. That after all expenses of making and gathering plaintiff's crop and proper credits given plaintiff, that plaintiff still owes your defendant the sum of Seventy two & 61/100 Dollars ($72.61), that the receipts and disbursements of said crop are as follows, to-wit:

Money Received from Sale of
   Crop:
Sale of 19 bales of cotton ....... $821.37
Sale of about 200 barrels of corn,
   def. ½ .....................   40.00
Sale of cotton remnant .........   21.00
                                 —————
     Total receipts ............ $882.37
Disbursements on Crop:
Cash & Grocery account, which
   also includes hoeing and gathering expense ............... $404.75
One half of proceeds of sale of
   cotton for rent ..............  420.68
1/2 of three bales of cotton, the
   proceeds of which were given
   to plaintiff ..................   67.55
Proceeds of sale of remnant, all
   of which was kept by plaintiff,
   which plaintiff sold ..........   21.00
Cash of $33.00 and $7.00 total
   $40.00 for sale of defendant's
   half of corn .................   40.00
                                   —————
     Total disbursements ....... $953.98
Note: There are no charges or
   disbursements shown for ginning or cotton seed as this item
   was used to pay ginning expense and the remainder that
   was not used was divided at
   each ginning.
Net loss on crop for year ........ $ 72.61."

Defendant prays for a dismissal of plaintiff's suit and that he have judgment in reconvention for the above mentioned sum of $72.61.

After trial the district judge ordered a dissolution of the writ of provisional seizure, without the imposition of damages, and decreed that the demands of both plaintiff and defendant for monetary awards be rejected. Plaintiff was cast for the costs of the suit.

The last named litigant appealed. An answer has been filed in this court in which defendant prays that the judgment be amended by awarding him damages of $25, by reason of the dissolution of the aforementioned writ, and that as amended it be affirmed.

We first address ourselves to a consideration of the question of whether or not the issuance of the writ of provisional seizure was authorized. Laborers on farms or plantations have a privilege on the crops of the year to secure payment of their wages, Civil Code, article 3217, and when suit is brought to recover such wages they are entitled to provisionally seize said crops. Code of Practice, article 285. Accordingly, if defendant, in the instant case, owes to plaintiff any sum for wages earned by the latter as a laborer on the farm, the writ should have been maintained; if otherwise, it was properly dissolved.

■ The district judge found as a fact, as is disclosed by his written opinion, that the aforementioned claims for day labor on the part of plaintiff, Henry White and Dago White, each of which is for 38½ days, had been fully paid. The evidence with respect to these claims is conflicting; but our conclusion accords with the mentioned finding. We agree that such evidence preponderates in favor of the defendant.

The question of whether plaintiff, in planting, cultivating and gathering the crops of cotton and corn, occupied the legal status of a farm laborer or employee or that of a lessee, is more difficult of determination.

■ In the case of Jones v. Dowling, 12 La.App. 362, 125 So. 478, 479, this court was called upon to decide whether plaintiff therein had farmed defendant's land as an employee or in the capacity of a lessee. We held that he came within the latter classification. In the opinion of the case the following is said: "Contracts by which the owner permits another to culti-

vate his land in consideration of allowing him a share of the crops are of a personal nature, and, although the law recognizes that lands may be leased for a share of the crop (article 2671, C.C.) it is generally recognized that under such contracts the person cultivating the land may be merely an employee (Lalanne v. McKinney, 28 La. Ann. [642], 643; Bres & O'Brien v. Cowan, 22 La.Ann. 438; Hunter v. Walding, 3 La.App. 433; Holmes v. Payne, 4 La. App. 345; Kelly v. Rummerfield, 117 Wis. 620, 94 N.W. 649, 98 Am.St.Rep. 951, note 953), but, where it is not shown there was an agreement that the person cultivating the land is to receive a share of the crop or proceeds thereof in lieu of wages, or the circumstances are such as to show that such was the intention of the parties, such contracts will be considered as contracts of lease (Louisiana Farm Bureau v. Clark, 160 La. 294, 107 So. 115; Louisiana Farm Bureau v. Bannister, 161 La. 957, 109 So. 776)."

■ In the instant case, it does not appear that the parties intended or agreed that plaintiff's share of the crop should be in lieu of wages. Instead, the record is convincing that he was to and did have control of the land which he worked and supervision over the planting and cultivation of the crops. According to his own testimony, defendant provided him with a house to live in and permitted his working approximately 55 acres of land. Thirty-three acres were planted in cotton, while the remainder was used for corn. He associated Dago and Henry White with him in the venture and agreed to share with them his portion of the crops in consideration for their assistance and services. Defendant had nothing to do with the making of this arrangement. It is true that defendant attended to the disposing of the crops after their harvesting; but this was done with plaintiff's permission. We are therefore of the opinion that the relation existing between defendant and plaintiff in the farming of the land was that of landlord and tenant.

Consequently, plaintiff had no privilege as laborer on the products of the soil, and the writ of provisional seizure was properly dissolved. However, the stipulated and agreed damages on the dissolution should have been awarded to defendant.

The trial judge, in his well considered written opinion, discusses in detail the conflicting evidence bearing upon the merits of the controversy, and concludes that the total offsets urged by defendant exceed plaintiff's claim by the sum of $4.56. In connection with this conclusion, he summarizes and computes the accounts between plaintiff and defendant as follows:

| | |
|---|---|
| 19 bales of cotton sold | $821.38 |
| Remnant cotton sold in seed by plaintiff | 21.00 |
| 200 barrels of corn @ 40 cents per barrel | 80.00 |
| Total value of crop grown | $922.38 |

| | |
|---|---|
| One half, amount due plaintiff | $461.19 |

and the following amounts have been received by plaintiff:

| | |
|---|---|
| Groceries and cash | $404.75 |
| Purchase of one half of corn | 40.00 |
| Cotton in seed sold by plaintiff | 21.00 |
| | $465.75 |

The aforementioned claim of plaintiff for cotton seed of the value of $84.00 was found and held to have been balanced by the ginning charges paid by defendant. We think that the proof sustains this holding.

■ No useful purpose would be served by our discussing the conflicting testimony relating to the various other items in question. It is impossible of reconciliation. The trial judge saw and heard the witnesses as they testified, and he was able to properly weigh each statement made. That privilege is not ours. We adopt as our own his conclusions of fact with reference to the said items, together with their values, that go to make up the respective accounts.

■■ A question of law, however, enters into and must be considered in connection with the computation of defendant's account. This arises by reason of an objection on the part of plaintiff's counsel to the evidence offered by defendant in support of his claim for groceries and cash advanced to plaintiff. The objection urged was that the allegations of the answer concerning the claim were too vague, general and indefinite to authorize the introduction of proof. The evidence was admitted subject to the objection and was given consideration by the trial judge in reaching his decision. We think that the objection should have been sustained, and the proof offered by defendant excluded.

This court said in the case of Bloomenstiel v. McKeithen, 19 La.App. 513, 139 So.

519, 521, that: "A plea of compensation, offset, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., as though the party pleading it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. There was no other defense made by defendants, other than its attempt to offset the amount due, which evidence was inadmissible."

The answer of defendant in the instant case is not particularized, as is required by our law, with reference to the items of groceries and cash claimed to have been furnished. Such items, for which credit is asked, are merely alleged on in globo, as is disclosed by the above quoted allegations.

The contention is made by defense counsel that as this is a suit for a balance of account, a particularizing in the answer of the claimed credits is unnecessary. He relies on the case of Fram v. Allen, 3 Mart., O.S., 381. The cited authority tends to support the position taken by him. Plaintiff therein instituted suit upon an account current, unsettled between the parties, claiming a balance due. Defendant pleaded only the general issue. The court held that defendant was entitled to introduce evidence, over plaintiff's objections, in proof of sundry claimed credits, even in the absence of a plea of compensation.

However, the Supreme Court observed and pointed out in Mortimer v. Trappan's Estate, 9 La. 108, which was a suit brought to recover the balance of an account, that Fram v. Allen, supra, was decided before the promulgation of the Louisiana Code of Practice.

Our Code of Practice treats the defenses of compensation and of set-off as though they are synonymous, and provides:

"Compensation, or set-off, is a mode of extinguishing debts, which takes place when it happens that both plaintiff and defendant are indebted to each other; each retaining, in payment of the sum due to him, the amount which he owes to the other." Article 366.

"The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially." Article 367.

The Fram v. Allen case, supra, was considered by this court in Baker Gasoline Co. Inc., v. Sutherland, 8 La.App. 815, and with reference to it we said: "But the decision cited was said to have been rendered prior to the adoption of the Code of Practice (Mortimer v. Trappan's Estate, 9 La. [108], 112), and since that time it has been universally held that such a defence must be specially pleaded."

The case of Item Co. Ltd. v. Holmes, 17 La.App. 608, 135 So. 626, 628, decided by the Court of Appeal of the First Circuit, does not, according to our appreciation of it, lend assistance to defendant herein, as his counsel contends. The court therein states: "The items of credits claimed, we find, are specifically set out, and with sufficient particularity to have apprised plaintiff of the various amounts claimed."

Even though defendant's proof relating to the mentioned "cash and grocery account, which also includes hoeing and gathering expenses," must be excluded, we think that he is entitled herein to the credits regarding that account which are delineated in plaintiff's petition. In that pleading, plaintiff admits that defendant advanced him groceries of the value of $60, and furnished cash for hoeing and cotton picking in the amount of $113. These credits total $173.

Accordingly, we find and hold that plaintiff is due the sum of $461.19, the amount arrived at by the trial judge, subject to and less a total credit of $234, which is for groceries and cash; $173, purchase of one-half of corn, $40, and cotton in seed sold by plaintiff, $21; and, therefore, there should be judgment in his favor, respecting the accounts, for $227.19.

In order to avoid any confusion regarding our holding and decree herein, we deem it advisable and have decided to recast the judgment.

For the foregoing reasons, the judgment appealed from is annulled and set aside, and there is now judgment dissolving the writ of provisional seizure and condemning plaintiff to pay unto defendant the sum of $25 damages as attorney's fees. Further, there is judgment in favor of plaintiff and against defendant for the sum of $227.19, with legal interest from judicial demand, and rejecting defendant's reconventional demand. The costs relating to the issuance of the writ of provisional seizure shall be paid by plaintiff, while defendant shall pay all other costs of the trial court and also those of this court.