JANVIER, Judge.
Plaintiffs sued defendant for $175, claiming that to be the balance due on a loan of $200 on account of which $25 had been paid. Defendant admitted that the money had been loaned and that $25 had been repaid, but denied any liability for the balance, averring in their answer that plaintiffs had been “compensated” by reason of the fact that defendant had loaned to Mr. Taylor, one of the plaintiffs, $25 and had also provided board and lodging and other services, the value of which exceeded the unpaid balance on the loan.
Both plaintiffs reside out of the State of Louisiana and their testimony was taken by deposition.
When the matter was called for trial in the First City Court of New Orleans, the depositions of the plaintiffs were offered in evidence and the defendant took the witness' stand. -Counsel for plaintiffs objected to any testimony in support of the plea of compensation on the ground that the allegations of the answer concerning the facts from which compensation is claimed to have resulted were so vague and indefinite that no proper -understanding thereof could be had. This objection was sustained, and since the only evidence which was admitted was that the plaintiffs had made the loan of $200 to defendant and that defendant had repaid only $25, there was judgment for plaintiffs as prayed for.
Defendant appealed, and when the matter came before us counsel for defendant-appellant devoted himself to an argument to convince us that the testimony of defendant had been ruled inadmissible because *130 the court below felt that the plea of compensation could not- be made since the alleged compensation had not resulted from facts related to those on which the main demand was based, and he argued that, since the plaintiffs did not reside in Louisiana, a plea in compensation was properly-made in spite of the fact that the claim on which the compensation was based was not related to the facts on which the main demand was based.
Had the evidence been excluded on that ground, the ruling would have been erroneous, but there is not one syllable in the record which indicates in the slightest degree that such was the ruling. The testimony of defendant was excluded for one reason only — that it was offered in support of allegations so vague and indefinite that plaintiffs were not put on notice sufficiently to enable them to prepare their defense against that claim in compensation.
Where, in an answer, there is a plea in reconvention or compensation the aver-ments made in the answer must comply with all that is required of an actual plaintiff.
In Cigali v. Kaplan, 37 So.2d 467, 468, this Court said:
“A plea of compensation, set-off, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., and in the manner in which the right thereto was acquired, as though the party relying on it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. The failure to meet this exaction is fatal to the plea, and the penalty is deprivation of the right of submitting proof of the claim. Busby v. Childress, La.App., 187 So. 104; Robert v. Blythe Company, La.App., 145 So. 15; Bloomenstiel v. McKeithen et al., 19 La.App. 513, 139 So. 519.”
Since the loan is admitted and all evidence in support of the claim in compensation was properly excluded, it necessarily follows that the judgment appealed from is correct.
Consequently the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., takes no part.