282 So.2d 834 (1973)
Marion ROBERIE
v.
SAFECO INSURANCE COMPANY OF AMERICA.
No. 9467.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
Rehearing Denied September 26, 1973.
Wm. H. Cooper, Baton Rouge, for appellant.
Preston N. Aucoin, Ville Platte, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
This suit was instituted by the plaintiff, Marion Roberie, against the defendant, Safeco Insurance Company of America, the liability insurer of Dennis R. Elliott, to recover damages in the sum of $4,000.00 for the loss of a sweet potato crop. For a cause of action, the plaintiff alleged that on or about October 3, 1970, Dennis R. Elliott, the owner and driver of a 1966 Ford Automobile, negligently drove said vehicle into the rear of a 1964 Ford Automobile, owned and being driven by Rogers Thomas, *835 as a result of which the said Rogers Thomas, and his guest passengers, Gloria Nell Thomas, Margaret Thomas, Ruby Clark Thomas and Wilda Clark, all sustained personal injuries. All of the persons injured were share croppers, or relatives of share croppers, of the plaintiff, and because of their injuries and resulting disabilities, they were unable to harvest a sweet potato crop, which they had grown on the plaintiff's farm, and the potatoes valued at $8,000.00 were lost. The plaintiff was the owner of a one-half interest in the sweet potato crop that was lost, and consequently, he sustained a loss of $4,000.00. The defendant answered, alleging its insured, Dennis R. Elliott, was free of fault, and, in the alternative, alleged contributory negligence on the part of Rogers Thomas and his guest passengers. Thereafter, the defendant filed an exception of no cause or right of action, which was overruled by the lower court. After a trial on the merits, the district court rendered judgment in favor of the plaintiff and against the defendant for the sum of $2,100.00, together with legal interest thereon from judicial demand until paid. The defendant has appealed. The plaintiff has answered the appeal, and asked that the award be increased to $4,000.00, together with interest and costs.
There is little dispute as to the facts. The chief issue is whether, on the facts shown, our law supports the plaintiff's claim for damages. It is not disputed that on or about October 3, 1970, an automobile, insured by the defendant, was driven into the rear of an automobile, driven by Rogers Thomas, and occupied by the persons named above. Rogers Thomas and some of his guest passengers were share croppers on the land owned by the plaintiff. Under his agreement with the share croppers, the plaintiff furnished the seed, tools, and all necessary equipment, as well as the living quarters for the share croppers, and they performed the labor required to cultivate and harvest the crop; and the plaintiff was to receive one-half of the crop harvested, and the share croppers were to receive the other one-half of the crop harvested.
Based on the testimony of Rogers Thomas and his guest passengers, the lower court found as a fact that the proximate cause of the automobile accident in which Rogers Thomas, Gloria Nell "Thomas, Margaret Thomas, Ruby C. Thomas and Wilda Clark were injured was the negligence of defendant's insured, Dennis R. Elliott. In fact, counsel for the defendant in effect, after the trial of the case, admitted the negligence of his client's insured. Therefore, we deem it unnecessary to analyze the evidence on the question of negligence.
The testimony of the appellee is not disputed that under his arrangement with the share croppers who farmed his land, he would furnish the seed, tools and equipment necessary for the cultivation and harvesting of the crops, as well as living quarters for the share croppers; and the share croppers would perform the labor necessary to cultivate and harvest the crops. When the crops were harvested, the appellee and the sharecroppers shared the crops equally. The appellee usually provided the share croppers with food, clothing, medical attention and transportation. These expenses were repaid to appellee by the sharecroppers out of their one-half of the crop when it was harvested and marketed. The sharecroppers who testified corroborated the testimony of the appellee with reference to their relationship.
The evidence shows that some of the sweet potato crop on appellee's land was lost because it was not harvested. The evidence, also, shows that the sharecroppers who were injured in the accident under consideration did not return to work, after the accident, during the harvesting season in 1970.
The appellee bases his cause of action on the provisions of Louisiana Civil Code Article 174, which reads as follows:
"The master may bring an action against any man for beating or maiming his *836 servant, but in such case he must assign as a cause of action, his own damage arising from the loss of his service, and this loss must be proved upon the trial."
This court held in the case of Bonfanti Industries, Inc., v. Teke, Inc., et al., 224 So.2d 15, that the above cited Article of the Louisiana'Civil Code was only intended to apply to indentured servants, and was not intended to apply to free servants whose rights and obligations are covered by LSA-C.C. Article 164. In that case, this court said:
"Considering all of the above, it seems apparent that Article 174 is only intended to apply to indentured servants, apprentices and others who are bound in the service of an individual for a specific period of time. It was certainly never intended to apply to the class of free servants described in Article 164 of the Civil Code, subsection 1, whose rights and obligations are covered by Book III, Title IX of the Code, `Of Letting and Hiring'. The application of Article 174 to all classes of employees would lead to undesirable social and legal consequences. See G. Jones, Per Quod Servitium Amisit, 74 L.Q.Rev. 39, for a discussion of the history of the application of the rule in England."
Therefore, unless the injured sharecroppers were indentured servants, Article 174 of the Civil Code is not applicable to the facts of this case. The evidence in this case clearly shows that the agreement between appellee and the sharecroppers was that the appellee would furnish the seed and equipment necessary to plant and produce a crop of sweet potatoes on his land, and that the sharecroppers would cultivate and harvest the sweet potatoes; and the crop was to be equally divided between them. The jurisprudence of this state has consistently construed such an arrangement as a contract of lease. In the case of Jones v. Dowling, 12 La.App. 362, 125 So. 478, the court was called upon to decide whether the plaintiff therein had farmed defendant's land as an employee or in the capacity of a lessee. In that case, the court said:
"Contracts by which the owner permits another to cultivate his land in consideration of allowing him a share of the crops are of a personal nature, and, although the law recognizes that lands may be leased for a share of the crop (article 2671, C.C.) it is generally recognized that under such contracts the person cultivating the land may be merely an employee (Lalanne v. McKinney, 28 La.Ann. 643; Bres & O'Brien v. Cowan, 22 La.App. 438; Hunter v. Walding, 3 La.App. 433; Holmes v. Payne, 4 La. App. 345; Kelly v. Rummerfield, 117 Wis. 620, 94 N.W. 649, 98 Am.St.Rep. 951, note 953), but, where it is not shown there was an agreement that the person cultivating the land is to receive a share of the crop or proceeds thereof in lieu of wages, or the circumstances are such as to show that such was the intention of the parties, such contracts will be considered as contracts of lease (Louisiana Farm Bureau v. Clark, 160 La. 294, 107 So. 115; Louisiana Farm Bureau v. Bannister, 161 La. 957, 109 So. 776)."
In the instant case there is no evidence of a stipulation that the share of the crop to be received by the sharecroppers was to be in lieu of wages. Hence, under the holding in the Jones case, supra, the agreements with Rogers Thomas and the other sharecroppers involved herein were contracts of lease. Also, in the case of Busby v. Childress, La.App., 187 So. 104, the court held that where it is not shown that there was an agreement that a person cultivating the land of another is to receive a share of the crop in lieu of wages, or that the circumstances are such as to show that such was the intention of the parties, such an agreement is considered a contract of lease.
After a careful examination of the evidence in this case, we conclude the appellee's *837 arrangement with his sharecroppers, particularly with Rogers Thomas and his guest passengers, was a contract of lease. Therefore, the master-servant relationship did not exist, under the provisions of any of the laws of the State of Louisiana. We conclude the plaintiff-appellee has suffered no damage which is compensable.
For the above and foregoing reasons, the judgment appealed from is reversed and set aside. Judgment is now rendered in favor of defendant-appellant and against the plaintiff-appellee rejecting his demands at his cost.
Reversed and rendered.