No. 3823

Second Circuit

---

ARCADIA LUMBER CO., INC., v. AUSTIN ET AL.

---

(December 23, 1930. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)

Goff & Goff, of Arcadia, attorneys for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellants.

DREW, J. Plaintiff sued the sureties on a contractor's bond for the price of materials alleged to have been furnished by plaintiff to the contractor and used in the building specified in the contract.

He alleges that on January 31, 1928, S. B. Sutton entered into a contract with J. R. Jordan to erect a certain building in the town of Arcadia, La., for the price of $5,000, and furnished bond in the sum of $1,500 conditioned for the payment of all claims or liens, including charges of any and all material used or furnished in the construction of the said building, which bond was signed by the defendants herein, as sureties. The contract and bond were duly recorded in the mortgage records of Bienville parish, La. That on July 21, 1928, J. R. Jordan, owner of the building, filed notice of acceptance of the work, which

was duly recorded in the mortgage records of Bienville parish.

Plaintiff further alleges that it gave notice to defendants, as required by Act No. 225 of 1918 and Act No. 298 of 1926, and prays for judgment in solido against the defendants for the amount of its claim, with legal interest from April 24, 1928, until paid, and for ten per cent additional as attorney's fees.

Plaintiff did not file and record a lien against the building, and this suit was filed on March 23, 1929.

The contractor is not made a party to the suit, it being a suit against the sureties on the contractor's bond.

Defendants filed an exception of misjoinder or nonjoinder and an exception of no cause of action. The exception of misjoinder or nonjoinder was overruled, and the exception of no cause of action was referred to the merits and overruled in the decision on the merits.

Defendants answered denying the indebtedness, and alleging certain credits that were due the contractor, S. B. Sutton, by the plaintiff; and that the failure to sue the contractor released him from the debt and thereby released the sureties.

The lower court rendered judgment on the merits for the amount prayed for, together with interest and attorney's fees, and from that judgment the defendants have appealed.

The exception of misjoinder is based on the fact that the contractor was not made a party to the suit, he being the original obligor.

The suit is brought under the provisions of Act No. 298 of 1926. Section 3 of that act declares that the contractor and his surety shall be solidarily liable for all labor and material used in the work, and that, notwithstanding the erasure of the inscription of the contract, the surety's liability shall not be affected and he shall be bound to the same extent as the contractor. Being solidarily liable, the creditor or furnisher of material could proceed against either or both at its will. Rev. Civ. Code, arts. 2091, 2094 and 2095.

The exception of misjoinder or nonjoinder was properly overruled.

The exception of no cause of action is leveled at the fact that the bond given and sued on is not a bond in compliance with the act of the Legislature (Act No. 298 of 1926), in that the act requires a bond to be given equal to the amount of the contract where the contract price is not more than $10,000, and in the instant case the contract price was $5,500 and the bond for only $1,500.

The bond is not in the amount required by the act; however, it is a valid bond for the amount of $1,500, and there is no good reason for releasing the sureties entirely because it is for a less amount than required by law. If no bond had been given at all, then the right of action would have been against the owner of the building, and the lien would have to be recorded within the statutory time of thirty days after acceptance. If the amount of claims for material, labor, etc., exceeded the amount of the bond given, the owner would likewise be liable for failure to require the necessary bond. The sureties could not be held liable for an amount greater than the amount of the bond, but are liable to the amount of the bond.

No harm could befall the sureties by reason of the bond being for a less amount than the owner should have required, in

order to protect himself from all harm by failure of the contractor to pay for his material and labor. The creditors of the contractor would have a right to complain of the insufficiency of the bond, but certainly not the sureties on the bond.

Defendants further complain that the plaintiff did not file and have recorded its lien within the time required by the act.

Recordation of a lien is not necessary in an action against the contractor or his sureties on his bond for material furnished. Section 14 of Act No. 298 of 1926 contains the declaration that nothing in the act "shall be so construed as to deprive any claimant of his right of action against the surety signing any bond furnished in connection with any building contract or subcontract, or against the principal obligor, thereunder, which right of action against such obligor and said surety shall accrue at any time after maturity of the claim of the said claimant." The section also provides that any action against the surety must be brought within a year from the registry of the owner's acceptance or of notice of the contractor's default

This suit was brought after maturity of the claim and within the year after the notice of acceptance was filed for registry by the owner, and the exception of no cause of action was properly overruled. Dixie Bldg. Material Co. v. Mass. Bonding & Ins. Co., 167 La. 399, 119 So. 405.

## ON THE MERITS

Defendants deny that the original obligor was indebted to plaintiff in any amount, and allege that the original obligor, S. B. Sutton, during the time of the erection of the building, sold plaintiff materials amounting to the sum of $319.65, also two wheelbarrows, at $22, and a secondhand screen, worth $3.50. They also deny that the said S. B. Sutton purchased certain items as. shown by the itemized account filed by plaintiff. The items of $22, for wheelbarrows, and $3.50, for the screen, claimed to have been sold to plaintiff, have been abandoned by defendants, and they rest their defense on the theory that the contractor, Sutton, did not purchase the doors, windows, some brick, and a few other items from plaintiff and that they did not go into the building. The preponderance of testimony, however, is that all the items shown on the account filed were purchased for this particular building by the contractor, Sutton, and were ordered delivered at that place. The lower court, who heard the witnesses testify, so held, and we are not disposed to disturb his finding in that respect.

The amount of $319.65 is pleaded in compensation and offset by the defendants. The amount is pleaded in globo with no attempt being made in the answer to show what material was sold to plaintiff to make up this amount. On trial of the case, the defendants attempted to prove the items and price of each that made up the $319.65, pleaded as an offset, which testimony was objected to by the plaintiff for the reason that there was no allegation in the answer on which to base the proof; that the attempt to plead compensation and set-off is in globo; that proof of an account in globo cannot be made; and that proof of an itemized account cannot be made for the reason that there are no allegations on

which to base the proof. No itemized account had been alleged by which the plaintiff could be put on its guard as to the time and items.

The evidence was heard subject to the objection. The objection should have been sustained.

A plea of compensation or set-off should be set forth with the same certainty as to amounts, dates, items, etc., as though the party pleading it was the plaintiff in the suit. And when this is not done and objection is timely made, it should be sustained.

The lower court held that the plaintiff had proved its account, and we think his judgment correct.

Defendants complain of attorney's fee being allowed. However, Act No. 225 of 1918 is an act fixing penalties of attorney's fees when the claim against the sureties, etc., is not paid within thirty days after written demand is made for payment of the claim. Plaintiff made written demand more than thirty days before filing suit, and in that respect complied with the act, and is entitled to the attorney's fees as prayed for. Act No. 298 of 1926 did not in any way repeal or alter Act No. 225 of 1918.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.