No. 4156

Second Circuit

BLOOMENSTIEL v. McKEITHEN ET AL.

(February 16, 1932. Opinion and Decree.)
(March 16, 1932. Rehearing Refused.)

Breazeale & Sachse, of Baton Rouge, and Kenneth H. Brown, of Monroe, attorneys for plaintiff, appellant.

Vinson M. Mouser, of Columbia, attorney for defendants, appellees.

DREW, J. Plaintiff sued W. O. McKeithen, the United States Fidelity & Guaranty Company, and the Louisiana highway commission for $540.74, with legal interest thereon from March 12, 1930, until paid, with 10 per cent attorney's fees on both principal and interest.

He alleged that the said McKeithen and the Louisiana highway commission entered into a contract for the construction of State Project No. 456-A, known as the Columbia-Chatham Highway. That the United States Fidelity & Guaranty Company, as surety, together with the said McKeithen, as principal, executed a statutory bond, as required by Act No. 224 of 1918, which bond was duly recorded in accordance with the law. That McKeithen employed W. F. Cooper to perform certain work under said contract, and that the said Cooper became indebted unto plaintiff in the sum of $1,472 for mules purchased to be used in constructing the said project. He further alleged that on September 23, 1929, the said McKeithen executed a document in favor of W. F. Cooper as follows:

"Grayson, La., Sept. 23, 1929.

"I hereby certify that the amount earned by W. F. Cooper, Sub-Contractor on Project No. 456-A, to this date is $2.703.74, of which amount 80% has already been paid the said Cooper, leaving 20% balance due, amounting to $540.74, which said amount I agree to pay to the said W. F. Cooper, Sub-Contractor, or his assigns, upon the completion and acceptance of said project by the Louisiana Highway Commission, less any deductions that may result from the maintaining or keeping said project in satisfactory condition to the Louisiana Highway Commission until final payment is made by said Commission.

"[Signed] W. P. McKeithen, Contractor."

That on the same date Cooper assigned the foregoing acknowledgment and promise

to pay to your petitioner, as well as any additional amount that might become due to him, as follows:

"I hereby assign to M. F. Bloomenstiel, of Donaldsonville, La., the above and foregoing certificate and the amount to be paid me on the completion and acceptance of said Project No. 456-A, as well as 20% on any additional amount that may be due me as Sub-contractor upon the final acceptance of said Project No. 456-A, with the same provisions as in the above certificate.

"This September 23d, 1929.
"[Signed] W. F. Cooper, Sub-contractor."

And on the same date the said McKeithen accepted the assignment and became bound thereby, as follows:

"I hereby accept the above and foregoing assignment.
"(Signed)  W. O. McKeithen."

That all three of the above-quoted acknowledgment, assignment, and acceptance were on the same folio.

On March 12, 1930, the Louisiana highway commission accepted the said work and the sum of $540.74 then became due to petitioner, who had become legally subrogated to all the rights of Cooper against the defendants herein, and had a claim against said defendants, under Act No. 224 of 1918. That he made amicable demand upon all defendants more than thirty clear days before the filing of this suit and is entitled to 10 per cent attorney's fees on both principal and interest. He reserved the right to claim any further amount that has become due to the said Cooper under said contract since September 23, 1929, and prays for judgment accordingly.

All three of the defendants filed exceptions of no cause of action and by agreement of counsel the exception of the Lou-

isiana highway commission was sustained, and overruled as to the other two defendants. Defendants, in answer, denied the indebtedness, and otherwise admitted all the essential allegations of plaintiff's petition, except they denied that demand had been made more than thirty days prior to the filing of the suit. They denied that any amount was owing to Cooper at the time the contract was accepted by the Louisiana highway commission and affirmatively aver "that the acknowledgment set forth above was a conditional obligation, as shown by the terms thereof, and that it required much more than the sum of $540.74 to maintain and keep said project in satisfactory condition until the acceptance thereof by the Louisiana highway commission; that, therefore, the condition under which the said Cooper or his assigns would become able to demand said sum never occurred," and prays for the demands of plaintiff to be rejected.

Plaintiff made due proof of demand in writing more than thirty days before the filing of the suit. The remainder of the allegations are admitted; therefore, he made out a case, unless the affirmative defense of defendants overcame it.

When the defendants offered their evidence to prove the cost of maintaining and keeping in satisfactory condition the project until the acceptance by the Louisiana highway commission, plaintiff objected to the testimony, which objection was in effect that the allegations as to offsets are so vague, general, and indefinite that plaintiff was placed in a position in which he could not defend himself; that the claim is pleaded in globo and not itemized; and that no evidence is admissible thereunder. The lower court heard the testimony regarding the objection and rendered judgment rejecting plaintiff's de-

mands, and from that judgment he has prosecuted this appeal.

The objection to the admissibility of the evidence should have been sustained. The evidence was clearly inadmissible. Ouachita National Bank v. McIlhenny, 169 La. 258, 125 So. 69; Arcadia Lbr. Co. v. Austin et al., 15 La. App. 212, 131 So. 601.

A plea of compensation, offset, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., as though the party pleading it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. There was no other defense made by defendants, other than its attempt to offset the amount due, which evidence was inadmissible. It therefore follows that plaintiff is entitled to judgment. He has complied with Act No. 224 of 1918, in preserving his claim and making demand on both principal and surety more than thirty days before filing suit, and is therefore entitled to 10 per cent attorney's fees on both principal and interest.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed; and that there now be judgment for plaintiff against W. O. McKeithen and the United States Fidelity & Guaranty Company in solido in the full sum of $540.74, with legal interest thereon from March 12, 1930, until paid and 10 per cent attorney's fees on both principal and interest; and for all costs of both courts, reserving to plaintiff the right to sue for any additional amount that became due under said assignment after September 23, 1929.

McGREGOR, J., dissents.