This is a suit for a balance of $141.50 which plaintiff, John Traina, claims is due him by defendants, Frank Jordano 
Company, a partnership, and its individual members, Frank Jordano and Mrs. Mary Sciambra Jordano, who conduct a real estate business and who, according to the plaintiff, have failed and refused to turn over to him a balance in their hands resulting from a sale by them of certain real estate which plaintiff owned and sold *Page 569 
through said agents, who, he alleges collected the installment payments which were made on the said sale.
Defendants deny any indebtedness to plaintiff, and, assuming the position of plaintiffs in reconvention, aver that the plaintiff is indebted to them in the sum of 35 "paid to S. A. Calongne's Sons, Civil Engineers and Surveyors, for making a survey of said property owned by the said John Traina."
From a judgment in favor of plaintiff as prayed for and dismissing the reconventional demand, defendants have appealed devolutively and suspensively.
The district judge has set forth his reasons for judgment in writing. They contain a statement of the issues involved and so clearly set forth our views that we have decided to adopt those reasons as our own. They now follow:
"Plaintiff brings this suit against defendants, claiming the sum of $141.50, together with legal interest from February 28, 1946, until paid, representing the amount which defendants collected for plaintiff's account under a written contract dated December 4, 1942, and the supplement thereto dated April 29, 1943.
"The supplemental and amended petition of plaintiff fully sets forth his cause of action.
"Defendant originally filed an exception of vagueness to the original petition, but before the exception was filed plaintiff filed his supplemental petition, and the defendants immediately filed their answer, which was a general denial coupled with a so-called reconventional demand for $35.00. No special plea in compensation and set-off was filed.
"On the trial of the case, when the defendants attempted to introduce evidence for the purpose of pleading compensation and set-off, objection was promptly made by counsel for plaintiff on the ground that the claim of $110.00 for an alleged commission was unliquidated, whereas the plaintiff's claim was liquidated, being money collected under the written contract. When defendants sought to introduce evidence on the reconventional demand, plaintiff's counsel promptly objected on the ground that the demand was not fully pleaded, or, in other words, was vague and indefinite; that if there was any agreement for the payment of the survey amounting to $35.00, being the basis of the reconventional demand by plaintiff, it should have been in the original contract further that the survey, having been made on October 30, 1942, any claim for reimbursement had prescribed. No written plea of prescription was filed, but it is unnecessary to pass on the plea for the reasons hereinafter set forth.
[1] "While the Court permitted the evidence to be introduced in support of the plea of compensation and set-off and the reconventional demand, having referred the objections to the effect, it came to the conclusion, after a review of the evidence, that the objections to such evidence should have been sustained, and therefore, in arriving at its judgment, which was rendered on January 10th and signed on January 16th, 1946, excluded said evidence and rejected the claim of $110.00 representing the alleged commission claimed by defendant and the item of $35.00 representing the cost of the survey.
"Article 367 of the Code of Practice reads as follows: " 'The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially.'
"In Robert v. Blythe Co. Inc., La. App., 145 So. 15, at page 16, the Court held:
" ' "The plea being in the nature of a demand should specify the particular amount to be compensated, the manner in which the right thereto was acquired, and every circumstance of time and place to be given in other demands; otherwise, no evidence will be admissible under it." (Citing numerous authorities.)
[2] "Aside from the question as to whether the debt which was sought to be set up in compensation was equally liquidated, the law requires that the plea in compensation and set-off be specially pleaded in detailed specification, just as is required in reconventional demands. This was not done, and, therefore, the Court did exclude all of the said evidence in reaching its decision herein. *Page 570 
[3, 4] "As to the claim of plaintiff for $141.50, same has been fully proven. The defendants did not deny same. The statement prepared by defendants' own auditor and approved by defendant furnishes ample proof."
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.