Plaintiff, by rule, submitted to the court below the question of his right to a judgment on the petition and answer (which proceeding is authorized by Act 157 of 1912, as amended) and recovered judgment as prayed for in the petition, from which defendant has appealed.
The suit is predicated on a promissory note for $300.00; defendant admits its execution, but pleads that his indebtedness thereon is extinguished by compensation. The sole question presented is whether the plea is set forth with such particularity and precision as would permit the introduction of evidence to prove it.
It is contended on behalf of defendant, in brief, that compensation is pleaded only in the alternative "in the event the trial court is not satisfied as to proof of prior payment," and that defendant is entitled to be heard on the merits of the case. However, our interpretation of the allegations of the answer is that the only defense advanced is the unequivocal plea of compensation, defendant claiming that the plaintiff, in bringing the suit, acted on behalf of a partnership known as Cigali Calongne, of which he was a member, and that said concern and its successor, another partnership known as Allen Calongne, owe defendant an unstated sum on a contract, which is in excess of the amount of and compensates the note. Not only is the amount which defendant claims to be due him not stated, but there are no allegations setting forth the date of the contract, whether it is oral or written, or its nature and particulars.
Plaintiff's counsel argues that the plea of compensation is "unstated" and is, therefore, ineffective.
Our Code of Practice, in treating of the defense of compensation and set-off, provides:
Art. 366 — "Compensation, or set-off, is a mode of extinguishing debts, which takes place when it happens that both plaintiff and defendant are indebted to each other; each retaining, in payment of the sum due to him, the amount which he owes to the other."
Art. 367 — "The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially."
A plea of compensation, set-off, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., and the manner in which the right thereto was acquired, as though the party relying on it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. The failure to meet this exaction is fatal to the plea, and the penalty is deprivation of the right of submitting proof of the claim. Busby v. Childress, La. App., 187 So. 104; Robert v. Blythe Company, La. App., 145 So. 15; Bloomenstiel v. McKeithen et al., 19 La. App. 513, 139 So. 519.
From a reading of the answer in this case, with the above Code of Practice articles and the cited authorities in view, it is apparent that the defense is not susceptible of proof, and there is no doubt that the entry of the judgment in plaintiff's favor on his rule was proper.
The judgment appealed from is affirmed.
Affirmed. *Page 469