LOTTINGER, Judge.
This appeal is from a judgment rendered against the defendant in a suit on an open account. As most of the issues involved pertain to matters of procedure, we herewith set out the pertinent part of the pleadings and events which occurred during trial on the merits, which are as follows
Suit was filed on December 23, 1949, and in Article 2 of the petition it was alleged that “on various dates, the said A. O. Rap-pelet purchased merchandise from your petitioner in the amount of Nine Hundred sixty-two and no/100 ($962.00) Dollars, which is still due and owing; all as will more fully appear by reference tO' the itemized statement which is annexed hereto and made a part hereof.” The annexed statement, however, instead of being itemized, merely showed “Date — 1948, Item — Balance Due, and Balance — $962.00”.
On October 9, 1950, the defendant filed his answer wherein he denied the indebtedness and for lack of sufficient information to justify a belief, denied the allegation of Article 2 of the petition, as quoted above. On January 3, 1951, plaintiff petitioned for. and was granted an order authorizing the issuance of a commission to take the deposition of one T. Somers, plaintiff’s office manager, who resided in California. On March 12, plaintiff moved for and obtained a sub *692 poena duces tecum commanding R. L. Dou-cet, freight agent of the Texas and New Orleans Railroad Company, to produce freight delivery receipts and records of the defendant with reference to merchandise shipments made to him by plaintiff between November 17, 1948 and December 31, 1948.
At the beginning of the trial on the merits, counsel for plaintiff asked the defendant, who had been called on cross examination, did he “on November 3, 1949, wire the National Titanium Company in Vernon, California”. Counsel for defendant objected to the question as 'an attempt by the plaintiff' to enlarge upon the pleadings as they were “not being sued for any account of November, 1948.” The trial judge ruled that the effect of the testimony would be limited so as not to enlarge the pleadings and thus admitted the testimony. Similar objections were made by counsel for defendant to other questions relating to orders made by defendant to the plaintiff, and when counsel for plaintiff sought to introduce a telegram sent plaintiff by defendant ordering certain merchandise, counsel for defendant renewed his objection.
When counsel for plaintiff sought to introduce the deposition of Mr. Somers, counsel for defendant raised an objection to Interrogatory 3 and the answer thereto, which concerned shipment to the defendant of orders on November 17, 1948 and December 8, 1948. This objection also concerned an enlargement of the pleadings as to the date of the account and, in addition, as being an attempt to prove delivery of the merchandise, which had not been alleged in the petition. This same objection was renewed when counsel for plaintiff sought to introduce into the record the original freight delivery receipts. Subject to these objections, the telegram, deposition and freight delivery receipts were all admitted by the trial judge.
The position of the defendant in the lower court and on this appeal is simply this: That the plaintiff failed to allege the dates on which the merchandise was sold, the delivery of the merchandise and what merchandise was sold and delivered and that timely objection having been made to any proof relative to these points, plaintiff has failed to make out his case. Or, in other words, he contends that the petition as drawn is too vague, general and indefinite for evidence -thereunder to be admitted. While it may well be true that the petition was vague and the annexed statement as well, we are of the opinion that the defendant, after having answered to the merits, was in no position to complain.
In the case of Foster & Glassel Corp. v. Ackel, La.App., 166 So. 885, 886, we find the following pertinent observation: “And it is well settled that the defendant cannot virtually obtain the dismissal of plaintiff’s suit by objecting to the admissibility of the evidence on the ground that the pleadings are too vague and indefinite to admit of proof, where he fails to take full advantage of an exception of vagueness before issue is joined. Hudson v. Louisiana Ry. & Nav. Co., 4 La.App. 248; Murff v. Louisiana Highway Commission, La.App., 146 So. 328.”
The defendant in this case has seen fit to do exactly that which the Foster case prohibits. Rather than seek to protect himself by filing an exception of vagueness he contented himself by filing ian answer in the form of a general denial and then when the case came to trial, attempted to exclude all pertinent evidence against him on the ground that the allegations of the petitioner were too vague to admit proof of same. Counsel for defendant argues on this appeal that the Foster case is not the law and should not be followed, contending that the correct rule is laid down in Ouachita National Bank v. McIlhenny, 169 La. 258, 125 So. 69, and Lirette v. Sharp, La.App., 44 So.2d 221. An examination of these cases will readily reveal their inapplicability here, though, for both deal with instances where proof was not admitted because of vagueness in the allegations of a reconventional demand, which need not be served, requires no answer, and to which, according to our understanding of the law, exceptions may not be filed.
Similarly, counsel’s contention that the evidence introduced as to the time of the order, delivery of same and the na *693 ture of the merchandise as not being admissible to enlarge the pleadings because of timely objection, is without merit. Proof as to these points did not enlarge upon the pleadings but. merely showed more specifically that which had been pleaded in a general way in the petition. Certainly the defendant is in no position to complain of surprise as the law afforded him an adequate remedy by which he could have sought, by means of an exception of vagueness, additional information relative to the term of the order, delivery of same and the nature of the merchandise alleged to 'have been purchased. The same answer holds good for the contention that the allegation of an indebtedness was merely a legal conclusion not susceptible of proof. We think that the allegation of the indebtedness, coupled with Article 2 of the petition as quoted above and the annexed statement, vague though it may be, nevertheless fairly apprised the defendant of the nature of the suit against him 'and required of him if he were not iñ a position to plead properly, to seek additional information through means of the proper exception.
Coming now to the merits of the case we find ample proof in the record of the claim sued upon. The telegram dated November 3, 1948, was sent by the defendant to the plaintiff and ordered 360 gallons of paint. The freight delivery receipts clearly show that the defendant, through his agent, received the paint and paid the freight charges on same. Further, according to the deposition of plaintiff’s employee, Mr. Somers, and even that of the defendant 'himself, the merchandise was never paid for. The defendant testified that the paint was sent him not as the result of a purchase, but as a replacement for prior order of paint which he had ordered and used and which plaintiff had agreed to replace because it proved defective. According to his own testimony, however, the first shipment totalled only $101.66 and that sued upon amounted to $962.00, upon which-defendant paid the freight charges.
The trial judge rendered judgment in favor of the plaintiff in the sum of $818.95, being the amount sued upon less freight charges paid 'by defendant. We find no manifest error in the judgment appealed from and same is hereby affirmed.
Judgment affirmed.