McBRIDE, Judge.
Plaintiff brought this suit for $600 on two promissory notes for $300 each; defendant filed an answer, and then plaintiff by rule submitted to the court below the question of his right to a judgment on the face of the petition and answer (as authorized by LSA-R.S. 13:3601) and recovered judgment as prayed for in the petition, from which the defendant has appealed.
When the matter was called for argument before us the defendant, appearing in propria persona, filed a motion for such relief “as he may be entitled through nearly ten years of illegal maneuvers in the efforts of the attorneys of record trying to make a tool of the Court of Appeals to chip away by unauthorized delays the very foundations the judicial system that is struggling to preserve our American way of life and the freedom and the very existence of those working and professional men who still believe in the integrity of our courts. May God save our judicial system and our Constitution.”
No good purpose would be served by reciting the contents of the motion as nothing is tendered requiring a ruling. The appeal presents only the question whether the allegations of the answer constitute any defense to the claim made by plaintiff on the promissory notes.
Defendant admits that he signed the notes. He alleges “that when and if the interrogatories on facts and articles * * * attached hereto and made part of this answer, are duly and truly answered by the Plaintiff, there will be no foundation for the Plaintiff to continue this cause of action, * * * ”
Defendant then sets forth that during 1944 he performed certain services for plaintiff “not including services rendered to the Agents of the Plaintiff nor for the partnership of Calongne and Cigali nor for the partnership of Allen and* Calongne * * * amounting to $8,459.-75,” and that the demand by plaintiff on the two notes “has been fraudulently and by misrepresentation brought against the de~ fendant.”
*727 The plea of compensation and set-off, if it can be called such, is the only semblance of a defense to the suit.
C.P. art. 366 provides that compensation, or set-off, is a mode of extinguishing debts which takes place when it happens that both the plaintiff and defendant are indebted to each other; each retaining in payment of the sum due to him the amount which he owes to the other. The following article, C.P. art. 367, provides that the defendant may plead compensation, or set-off, at every stage of the proceedings provided that the plea be specially made.
Defendant in his answer nowhere sets forth with precision his counterclaim against plaintiff; particularly there is no mention of the dates on which the alleged services were rendered by defendant, the nature of such services, whether the contract therefor was oral or written, etc.
As we said in Cigali v. Kaplan, La.App., 37 So.2d 467, 468:
“A plea of compensation, set-off, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., and the manner in which the right thereto was acquired, as though the party relying on it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. The failure to meet this exaction is fatal to the plea, and the penalty is deprivation of the right of submitting proof of the claim. Busby v. Childress, La.App., 187 So. 104; Robert v. Blythe Co., La.App., 145 So. 15; Bloomenstiel v. McKeithen, 19 La.App. 513, 139 So. 519.”
Since the defendant has not the right to support his plea by evidence, it is not to be doubted that the entry of the judgment in plaintiff’s favor on the face of the petition and answer was proper.
During the pendency of the appeal the plaintiff departed this life and in due course and by proper proceedings the ad-ministratrix of his succession was made appellee in his stead.
The judgment appealed from is amended .so as to run in favor of Mrs. Eleonore Duffard Cigali, administratrix of the Succession of Anthony J. Cigali, and as thus amended and in all other respects it is affirmed.
Amended and affirmed.