HERGET, Judge
(dissenting).
This is a suit on an open account instituted by Frank E. Webb doing business as Evangeline Drug Store in Baton Rouge, Louisiana, against James C. Hammond for the sum of $995.14 allegedly representing the balance due on account of money advanced to Defendant while in Plaintiffs employ.
Defendant answered 'Plaintiff’s petition denying he owed the sum claimed for the reason the obligation sued upon was extinguished by compensation as a result of earnings allegedly due Defendant while employed by Plaintiff. Defendant then filed a reconventional demand praying for the sum of $2,550 allegedly representing the salary due to him, “ * * * less the sums to be shown * * * to have been withdrawn, borrowed, or due for purchases by respondent against his earnings, * *
Plaintiff filed exceptions of no cause or right of action and vagueness to the petition in reconvention on the grounds the petition did not allege the amount due, dates or amounts withdrawn or demand upon Defendant in reconvention prior to filing of suit.
The trial Court, Honorable Henry F. Turner presiding at the time, sustained the exceptions of no cause or right of action, but at the same time granted Plaintiff in reconvention 10 days within which to amend his petition. Whereupon, Plaintiff in reconvention filed an amended petition in which he alleged the amount of money withdrawn and merchandise purchased by him at the drugstore amounted to a total of $1,481.82; alleged the Defendant in recon-vention owed him wages totaling $2,550, and prayed for judgment in the sum of $2,550 less the $1,481.82 “ * * *. which includes the sums sued upon herein by the plaintiff, plus legal interest on the difference between said sums, which became due on May 11, 1956, until paid.”
Trial of the case on the merits was then resumed with Honorable N. S. Hoffpauir presiding, who, being of the opinion that the reconventional demand of Defendant was not properly plead, sustained counsel for Plaintiff’s objection to the introduction of evidence thereon, relying on the case of Myers v. Maricelli, La.App., 50 So.2d 312, and orally dismissed the reconventional demand as of nonsuit. After the trial of the case before Judge Hoffpauir and prior to a decision on the merits Judge Hoffpauir died and the matter was submitted to Honorable Fred S. LeBlanc who, for oral reasons assigned on October 9, 1961, rendered judgment which was read and signed on the 16 day of October, 1961 in favor of Plaintiff for the sum of $995.14 with legal interest thereon from date of judicial demand until paid and all costs of court and rejected Defendant’s reconventional demand at his costs. From this judgment Defendant prosecutes this appeal.
The evidence reflects that Mr. and Mrs. Webb owned and operated Evangeline Drug Store from June, 1955 when they were married until they separated in May, 1956. Their marital problems, while not a part of this suit, have tended to cloud the issues herein. Defendant was married to *290 Mrs. Webb’s daughter by a previous marriage. It appears that Defendant, Plaintiff in reconvention, was employed to work in the drugstore but the evidence is contradictory as to the salary agreed upon and advances to be made to him. Plaintiff originally said the salary was $50 per week for the first two weeks and $75 per week thereafter; however, he later altered his testimony to explain Mr. Hammond was paid $50 per week and deductions were made from the contemplated salary for room and board furnished by Plaintiff to the Defendant and his wife. Mrs. Webb was of the opinion the salary agreed upon originally was $75 per week but this amount was later changed to $50 per week for the first two weeks and $75 per week thereafter. During the period of employment Mr. Webb testified Defendant was permitted to withdraw cash and make purchases at the drugstore by leaving a receipt for the amount so withdrawn or for the purchases made in the files kept in the drugstore. According to Mr. Webb’s testimony, in May oí 1956 a settlement of the account between himself and Defendant was made, at which time he turned over to Defendant all of the receipts for charges made by him upon their agreement as to a balance of $950 due by Defendant to Plaintiff over and above the wages due Defendant. This agreement was reduced to writing and offered in evidence as proof of Mr. Webb’s claim. In addition, Mr. Webb testified he paid Defendant in cash, out of his pocket, the wages due to him apart from the agreement of the balance owed on the withdrawals and purchases. In connection with the claim of Plaintiff, he offered testimony that such claim was a settlement between him and Defendant for all sums allegedly due him over and above wages earned by Defendant. Defendant, on the other hand, maintained that such settlement was an enumeration of his withdrawals and did not constitute a settlement of wages earned by him, but not paid. It does not appear that there was ever any record made in the books of Plaintiff of the salary paid by Plaintiff to Defendant during this period, and the explanation made by Plaintiff of this fact was that Defendant was a member of the family and no records were kept. In September of 1956 Mr. Hammond returned to the employment of Plaintiff which he had left in May of 1956, at which time a written contract was entered into reciting Defendant was to receive $75 per week for his services and admittedly for the period thereafter involved the records reflect that Defendant was paid such salary.
Though Defendant, in his answer and reconventional demand, denied the allegation of Plaintiff’s petition that he was indebted unto Plaintiff, in making the special plea of compensation that the indebtedness had been extinguished or offset by Plaintiff’s indebtedness to Defendant for alleged salary earned by him, such plea of compensation by its very definition is an admission of Defendant’s indebtedness and therefore no other proof of Plaintiff’s claim is required.
In Jackson v. Taylor Bros. Garage, La. App., 4 So.2d 41, at page 43, this Court, in resolving the legal effect to be given to a plea of compensation, said:
“ * * * The very plea of course admits the debt due by the one who makes it, the theory on which it is based being that his debt has become extinguished by the obligation of the other party to him.”
Indeed, in Defendant’s reconventional demand he admits a larger indebtedness for funds advanced and charges made by him than that which Plaintiff seeks to recover judgment for herein. Accordingly, Plaintiff was entitled to judgment for the amount claimed in his petition.
Defendant contends that the Trial Court was in error in dismissing his reconventional demand as of nonsuit and in failing to permit him to offer evidence in support thereof. In his reconventional demand, as amended, Plaintiff in reconvention does not pray for recovery of the amount of the alleged salary due to him but seeks judgment for such alleged salary less certain *291 admitted withdrawals and purchases which he alleges in globo to be $1,481.82. I am of the opinion that the failure to itemize the purchases and withdrawals is fatal to the reconventional demand. Unlike the availability of pleadings in response to a petition by a plaintiff, there is no opportunity for replication to a reconventional demand and a failure to properly itemize the claim deprives Defendant in reconvention of the opportunity to defend himself against said claim. Bloomenstiel v. McKeithen, 19 La.App. 513, 139 So. 519; Myers v. Maricelli, supra,
Despite the ruling of his predecessor dismissing Defendant’s reconventional demand as of nonsuit, Judge LeBlanc rendered judgment dismissing Defendant’s reconventional demand at his costs. Though we were not furnished with written reasons for such ruling, no doubt it was based upon the trial Court’s conclusion that the Defendant had failed to prove his reconventional demand by a preponderance of evidence. From my reading of the record, I am not satisfied that Defendant, Plaintiff in reconvention, has succeeded in proving his claim for alleged wages. The testimony in regard to the amount to be paid to him is vague and indefinite and it appears to me that no agreement was entered into as to salary and emoluments and the whole arrangement was a family affair that, unfortunately, was not predicated upon any agreed contract but was entered into in a rather haphazard, unbusiness-like manner, no doubt in part resulting from the fact that Plaintiff became addicted to excessive use of alcohol and was unable to attend to his affairs in a businesslike way, during which time Defendant apparently had full charge of the store and records. Furthermore, the testimony of Defendant and his wife that while living in California they accumulated savings on which they lived during this period is unimpressive in view of the fact the evidence reflects that withdrawals were made by Defendant from the drugstore to pay such bills as rent, car notes, television installments, Christmas gifts, and even a hospital bill incurred by Defendant’s wife; nor am I impressed with Defendant’s testimony that it was agreed that he would be paid a salary of $75 per week and that the account would be balanced at the end of the year by deducting from such accrued salary the withdrawals made by him. I am more constrained to agree with the version of Plaintiff that on May 8, 1956 an account was struck by which a settlement was made between him and Defendant for the advances and withdrawals made by Defendant with a deduction therefrom of credits for' salary earned by the Defendant. This view is buttressed by the fact that though now the Defendant, Plaintiff in reconvention, claims unpaid earned salary, no such contention was made by him until this suit was instituted by Plaintiff and, indeed, in the testimony of Mrs. Hammond there appears the admission that they at no time intended to seek payment of the alleged salary due.
For these reasons I am of the opinion the judgment of the trial Court should be affirmed and respectfully dissent from the judgment of the majority of this Court which reverses same.