CULPEPPER, Judge.
The plaintiff, David I. Patten, is a subcontractor who furnished the labor, tools and equipment for the construction of a natural gas distribution system. He filed this suit against Acy Pipeline Constructors, Inc., the general! contractor, and the sureties on its performance bond, for a balance of $3,984.30 allegedly due plaintiff under the subcontract. The district judge awarded plaintiff $1,897.32. Defendant appealed. Plaintiff answered thes appeal, seeking the full amount sued for.
We have carefully studied the record and concluded that all of the contentions made by the parties on appeal have been fully answered in the trial court’s well considered written opinion, the following portion of which we adopt as our own:
“Acy Pipeline Constructors were general contractors with the Village of Montgomery for the construction of a natural gas system. On August 22, 1961, Acy Pipeline entered into a subcontract with David I. Patten under which Patten was to furnish all labor, tools and equipment for carrying out and completing that portion of the gas system north of Saline Bayou, including the crossing of said bayou, and the distribution system for the Village of Clarence, in accordance with a unit price schedule attached to and made a part of the subcontract.
“The work was completed and plaintiff filed a lien on May 25, 1962, alleging that there still remained the sum of $1897.32 due him. Subsequently on June 13, 1962, he filed a supplemental lien alleging that the further sum of $2583.88 was due him, a total of $3984.30.
“Before the case proceeded to trial, Acy Pipeline deposited in the Registry of the Court the sum of $169.81 plus $301.24 or a total of $471.05. This tender eliminated all items in dispute with the exception of three and the remaining issues are:
“1. Whether plaintiff is entitled to an additional sum of $640.00 for the river crossing under Item E-28.
“2. Whether defendant is entitled to deduct the sum of $786.67 for rental of equipment, etc.
“3. Whether the service pipe installed by plaintiff should be paid for at the rate of $0.26 linear foot under item E-35 or $0.47 per foot under Item E-31.
“Item E-28 of the unit schedule provides for a three inch stream crossing of Saline Bayou! with an estimate of 40 linear feet at a unit price of $10.00 per foot or $400.00. The certification of the engineer (for the Town of Montgomery), Mr. Elbert Harris, is that the stream crossing was 120 linear feet and plaintiff contends that he is entitled to be paid at the unit price of $10.00 per linear foot. Mr. Yaun, Superintendent for the defendant, testified that an oral agreement was made whereby plaintiff was to do this work for $400.00 but this is denied by plaintiff. The accounting made on November 13, 1961, by Acy Pipeline lists the stream crossing as 120 feet at $10.00 per foot or a total of $1200.00. Subsequently they deducted the sum of $640.00 from later payments. The contract between plaintiff and defendant provided for payment at the rate of $10.00 per foot, the engineer has certified that there was 120 feet in the crossing and plaintiff is entitled to recover this amount. This was *686 evidently the understanding of defendant as their statement of November 13, 1961 allows this amount.
“The next item is the claim for rental of equipment and other items allegedly paid out by defendant on behalf of plaintiff. Counsel for plaintiff made timely objections to the introduction of any evidence to prove these items and the testimony was admitted subject to the objection. In its answer, Acy Pipeline under paragraph 11 sets forth ‘that payments made to and on behalf of plaintiff by respondent, Acy Pipeline Constructors, Inc., as well as sums due said respondent for rental of equipment amounted to $20,-850.15.’ No other reference is made in their answer to any payment made on behalf of plaintiff of any sums due for rental of equipment. Article 1005, Code of Civil Procedure provides that the answer shall set forth affirmatively an ex-tinguishment of the obligation in any manner. In [Cigali] Cigall v. Kaplan, La.App., 37 So.2d 467, plaintiff sought to recover on a promissory note. Defendant alleged that his indebtedness was extinguished by compensation but he did not set forth the amount claimed to be due or any allegations as to the date of contract, its nature or particulars. Holding that defendant could not offer proof in support of its plea of compensation, the Court said:
“ ‘A plea of compensation, set-off, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., and the manner in which the right thereto was acquired, as though the party relying on it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. The failure to meet this exaction is fatal to the plea, and the penalty is deprivation of the right of submitting proof of claim. Busby v. Childress, La.App., 187 So. 104; Robert v. Blythe Company, La.App., 145 So. 15; Bloomenstiel v. McKeithen et al., 19 La.App. 513, 139 So. 519.’
“In the present case, defendant has made only a vague reference to payments made on behalf of plaintiff and sums due for rental of equipment. The amount of the claims, their nature and how they' arose are not stated. This is a special defense and must be affirmatively plead in such detail as though defendant were plaintiff in the suit. The failure to so plead is fatal to the defendant’s claim and evidence may not be received to support the items deducted.[1] For these reasons the sum of $786.67 claimed by defendant as rental for equipment and payments made on behalf of plaintiff must be disallowed.
“The only remaining question is the claim for the installation of welded service pipe. The unit price schedule provides that under Item E-31, 24 inch ‘welded service line’ would be paid for at the rate of $0.47 linear foot. Item E-35 provided for 24 inch ‘service line’ at the rate of $0.26 per linear foot. Mr. Elbert F. Harris, engineer on the project, states that the difference in the items was that Item E-31 provided for short runs of high pressure service lines from the main to the field regulator and was required to be welded. Item E-35 provided for ‘24 inch service line’ but did not state whether it would be welded or screwed and Mr. Harris stated that it could’ be either welded or screw pipe at the option of the contract. The lines which were installed under Item E-35 were low pressure lines running to the various houses along the system. Mr. Harris, in his final estimate, certified that Mr. Patten had installed 502 linear *687 feet of ¾ inch welded service line under Item E-¾ and had installed 9175 linear feet of 94 inch service line under Item E-35.
“Mr. Huey P. Yaun, who was the defendant’s superintendent, testified that the subcontractors requested permission to use welded pipe. This is denied by Mr. Patten who contends that he was told to use welded pipe. In any event, the Court does not feel that Mr. Patten is entitled to recover under Item E-31 for the ¾ inch service line installed by him. Under the contract, to which he was bound, the ¾ inch service line was to be paid for at the rate of $0.26 per linear foot whether welded or screw type pipe was used. As a matter of fact, most of the pipe was welded but the Court feels that the plaintiff is bound by the certification of his witness, Mr. Elbert F. Harris, engineer on the project, who in his certificate of June 4, 1962, certified the quantity of work done by plaintiff as 502 linear feet under Item E-31 and 9175 feet under Item E-35. The amount of work done under each item was determined by - Mr. Harris, the project engineer, under the terms of the plans and specifications for the project. Mr. Patten agreed to do his work in accordance with those plans and specifications. The record does not disclose that Mr. Patten raised any question until the supplemental lien was filed on June 13, 1962. He is entitled to be paid in accordance with the plans and specifications for the project and the unit price schedule attached to his sub-contract. This schedule provided for the payment of $0.26 per linear foot for the service line under Item E-35 whether it was welded or screw pipe. His claim to be paid for welded service line under Item E-31 is therefore without merit and must be disallowed.
“Defendant does not disagree with the final statement of plaintiff as contained in the copy of the invoice attached to the lien of May 24, 1962. Under this invoice Mr. Patten alleges that the sum of $1897.32 is due. To allow this sum would be to award him $1200.00 for the stream crossing under Item E-28 and to disallow the sum of $786.67 claimed as an off-set by defendant. It also includes the sum of $471.05 which has been deposited in the Registry of Court.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.

. The apparent harshness of this ruling is softened by the fact that plaintiff made no attempt to amend its petition to properly plead this affirmative defense. LSA-C.C.P. Articles 1151 and 1154. Under the circumstances, the trial judge is correct.